## JONES v. SHEHEE FORD WAGON & HARNESS CO., Inc., et al.
### No. 4838.

Court of Appeal of Louisiana.
Second Circuit.
April 1, 1935.

For former opinion, see 157 So. 309.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellant Continental Casualty Co.

Dickson & Denny, of Shreveport, for appellant Shehee Ford Wagon Co., Inc.

Kennon & Kitchens, of Minden, for appellee.

TALIAFERRO, Judge.

Rehearing was granted in this case upon the applications of plaintiff and both defendants, neither of whom appeared to be satisfied with the judgment rendered by us, but, on the contrary, all complain of errors therein to their prejudice.

Plaintiff is aggrieved because we held that the Continental Casualty Company was released from liability on its bond to defendant Shehee Ford Wagon & Harness Company, because of the unreasonable delay in giving it notice of the happening of the accident and injury to plaintiff; and aggrieved further because the judgment in his favor was not increased and because we held that testimony to prove the lapse of time between the happening of the accident in which plaintiff was injured and the giving of written notice thereof to the insurer, admitted without objection, had the effect of enlarging the pleadings on that score.

Defendant Shehee Ford Wagon & Harness Company complains of the judgment and assigns errors therein in the following respects, viz.: (1) That the amount of judgment is excessive; (2) that it was error to hold that the insurer had been released from liability on the bond because of the delay in giving it notice of the accident and injury to plaintiff, as required by the policy of insurance. This defendant does not complain of the ruling that Tarpley was an employee or servant of the insured, and not an independent contractor.

The insurer complains of the judgment because its contention that Tarpley was an independent contractor of the insured was rejected.

When considering the applications for rehearing, the correctness of only one question raised therein, and directly passed upon by the judgment, was considered debatable, and that was as to the insurer's release from liability on its bond because notice of the accident and injury to plaintiff was not given it until the lapse of twenty-five clear days. We held that such notice was not "immediate" within the terms of the policy, but, on the contrary, unreasonable in point of time. The great importance of giving of such notice within a reasonable time is clearly emphasized and elaborated upon in Dennis Sheen Transfer v. Georgia Casualty Co., 163 La. 969, 973, 113 So. 165. The testimony of plaintiff, quoted in our original opinion, reveals unmistakably that the insurer was placed at a distinct disadvantage, with chances for a favorable settlement with plaintiff virtually destroyed, because of the lack of knowledge of the accident. Had such knowledge been communicated to the insurer prior to engaging of

counsel by plaintiff, in all probability a compromise would have been effected for an amount greatly less than plaintiff has recovered herein. This line of reasoning reflects the wisdom of the requirements of the policy concerning the giving of immediate notice of the happening of an accident to the car included in the coverage of the policy and consequent loss or injury.

Mr. Shehee, defendant's president, admits he had notice of the accident the night of the day it happened. Nothing was done to check up on the facts thereof to determine who was injured, or the extent of such injuries, until plaintiff placed his case in his attorney's hands, the twenty-sixth day thereafter. Notice of the bare fact of the collision should have been given the insurer at once. It would then have been in a position to have acted as it deemed best for its interests.

We have again studied the record diligently in the light of exhaustive briefs filed in the case on rehearing, but find ourselves still of the same opinion reached by us when the case was originally considered and passed on, and for this reason our original judgment is now reinstated and made the final decree in the case.