**SHEHEE–FORD WAGON & HARNESS CO., Inc., v. CONTINENTAL CASUALTY CO.***

No. 5310.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

*Rehearing denied Dec. 12, 1936.

250

insuring plaintiff's Ford coupé against the causing of property damage and personal injury. A clause of the contract provided that:

"The Company agrees to investigate all reported accidents covered hereby; to defend for the assured any suits, even if groundless, brought against the assured to recover damages for which indemnity is payable under this policy, unless the Company shall elect to effect settlement thereof; to pay, irrespective of the limits of liability hereafter mentioned, all expenses incurred by the Company* for investigation or defense, including all costs taxed against the assured in such suits. * * *"

On June 16, 1933, one Franklin A. Jones sustained injuries when struck by the insured car while it was being driven by J. M. Tarpley. Thereafter the injured man instituted suit No. 10749 in the district court of Claiborne parish, seeking a solidary judgment for damages against the insured, Shehee-Ford Wagon & Harness Company, Inc., which is plaintiff herein, and the insurer, Continental Casualty Company, defendant herein. That proceeding, which we shall hereafter more fully discuss, ultimately resulted in a judgment in favor of Jones and against both of said parties in solido. Insurer paid the principal, interest, and costs of the trial court, provided for in the judgment.

Defenses to the suit were conducted by counsel engaged by the insurance company, and by attorneys separately employed by the insured.

In this suit, plaintiff contends that the defendant insurer breached the policy contract by failing and refusing to properly defend it in the above-mentioned damage suit; that insured was compelled to employ counsel and defend itself separately; and that insurer is responsible to it for all expenses incurred in making that defense. Plaintiff describes such expenses as being the premium on the appeal bond, costs of appeal to the Court of Appeal, cost of printing briefs for the Supreme Court, and attorney's fees, and prays for judgment against defendant in the amount of $598.90.

Irion & Switzer, of Shreveport, for appellant.

Dickson & Denny, of Shreveport, for appellee.

HAMITER, Judge.

A policy of insurance was issued by defendant, Continental Casualty Company, Insurer answered by averring that it did defend this plaintiff in the damage suit, and tendered to it in the registry of the court the sum of $89.95, representing the costs in the Court of Appeal, the premium on the appeal bond, and the accrued costs

in this suit to the date of tender, which amount is admitted to be due and owing by it.

The trial court granted judgment herein in favor of plaintiff, as prayed for, and defendant has appealed.

By reason of the tender to which we have above referred, the only items of expense here disputed are those for $15.50, the cost of printing briefs in the Supreme Court, and $500 as attorney's fees.

A proper understanding of this controversy necessitates our reviewing generally the development and progress of the above-mentioned damage suit. This we shall now do.

Shortly after the institution of the suit by Jones, the insurer, through its attorneys, tendered to the petition a plea of prematurity and an exception of no cause or right of action, both of which were overruled. The exception recited that the insured had breached the contract of insurance by failing to timely report the accident, and that there was no liability on the part of the insurer. Separate answers, containing identical allegations, were then filed by the defendants therein, such answers denying negligence on the part of the driver of the car, and averring alternatively that he was an independent contractor and not an employee of the insured. A trial on the merits was later had, resulting in a solidary judgment in favor of Jones and against said defendants for $2,212.50, together with interest and all costs of the suit. From the judgment both defendants appealed to this court under a joint motion.

In considering the case on the appeal (Jones v. Shehee Ford Wagon & Harness Co., 157 So. 309, 315), we found that the driver of the car was an employee and not an independent contractor of the Shehee-Ford Wagon & Harness Company, Inc., and that such company was liable to Jones. The trial court's decision in overruling the plea of prematurity and the exception of no cause or right of action was held to be proper. In referring to that exception, which pertained to the failure of giving notice of the accident, we said:

"The said Continental Casualty Company in its answer did not urge the defense set up in its exception of no cause or right of action, other than to reserve its rights under the exception. The defense is a special one and should have been pleaded in its answer. However, the evidence was admitted on trial of the case, without objection, to show that the accident occurred on June 16, 1933, and the first notice given to defendant Casualty Company was on July 12, 1933, or 26 days after the accident occurred. The pleadings were therefore enlarged."

We then held, on the merits of the case, that notice was not given to the insurer, as required by the policy, and that it was not liable. This ruling sustained the contention to that effect urged by the Continental Casualty Company. Our decree provided for the affirmance of the trial court's judgment as against the Shehee-Ford Wagon & Harness Company, Inc., but a reversal of it and the rejection of the demands of Jones in so far as the insurer, the Continental Casualty Company, was concerned.

On a rehearing granted by this court (160 So. 161), our original decree was reinstated. The motion seeking this rehearing, however, in so far as it applied to insurer, was opposed by said insurer.

Thereafter, the Shehee-Ford Wagon & Harness Company, Inc., through its separate attorneys, applied to the Supreme Court for a writ of review. That court granted the writ for the restricted purpose of reviewing the judgment which decreed the Continental Casualty Company not liable. The judgment fixing liability on the insured was held to be correct. A writ of review was also granted to Jones, who likewise made application. The Continental Casualty Company then unsuccessfully attempted to obtain a dismissal or a recall of the writ issued on the application of the insured. The conclusion of the Supreme Court was that no breach of the policy contract on the part of the insured, with respect to the failure of giving notice, had been proved, and that the insurer was solidarily liable with the insured. 183 La. 293, 163 So. 129.

Having stated the history of the damage suit, we now come to what we deem to be the real issue in the case at bar, viz., whether or not the Continental Casualty Company defended the suit brought against the insured, within the meaning and intendment of the policy contract. We think that it did not.

The entire record in the prior suit, which is a part of the record in this proceeding, and the progress of the case which we have endeavored to above out-

line, graphically reveal that the insurer's primary purpose in defending the action was to free itself of liability, irrespective of the fate that might befall the insured. It is true that it presented the defense of independent contractorship for the insured in the various courts which considered the case; but it is likewise true that such insurer would have escaped liability had that defense been finally sustained. And, while defending on that ground, insurer was also seriously urging that it was not liable under the policy, even though the insured might be liable to Jones. It appears to us that these defenses, in so far as insured was concerned, were inconsistent, one with the other. It was the duty of the insurance company to either deny its obligation to the insured, and rely on that defense, or to recognize the policy as being in full force and effect and give to insured its undivided support.

■ There was no unqualified recognition of the validity of the policy. In this court insurer not only urged a breach of the policy contract, while arguing that the driver of the car was an independent contractor, but it also opposed insured's efforts to obtain a rehearing, in so far as insurer's liability was concerned, after we had held that such insurance company was not bound by the policy. Further, it failed to exhaust insured's legal remedies in the case in that it did not make application to the Supreme Court for a review of our decision, as it had a right to do. And, when insured's separate attorneys sought and obtained a writ of review, insurer's counsel endeavored to have *it* annulled.

■ If the insurance company had not questioned the validity of the policy, and the defense which it offered in insured's behalf had stood alone, and all of the legal rights of the policyholder had been asserted, we would have no hesitancy in holding that the insurer was not responsible for attorney's fees and litigation costs expended by the insured. But, when it assumed a position in the proceedings which was directly opposed to the policy and property rights of the insured, such insured was warranted in securing its own counsel and taking all available and necessary legal steps for its protection. And for the attendant expenses the insurance company is liable.

If the insured had not provided itself with separate counsel, as it did, to look after its interests throughout the course of the proceedings, there is a strong probability that the case would have been final in this court, and that the burden of paying the entire judgment would have rested with such insured. In all events, the various circumstances connected with the litigation furnish the presumption that the insurer would not have sought a change in the judgment of this court which decreed its nonliability.

An excellent analogy to our holding herein is found in the case of Sears v. Interurban Transportation Co. Inc., 14 La. App. 343, 125 So. 748, decided by this court. The insured therein was sued on an automobile damage claim. The insurer refused to defend the suit without reserving its rights, and the policyholder was compelled to employ attorneys to defend the action. The policy contained a clause similar to the one hereinabove quoted. The insurer, which was called in warranty by the insured, insisted that it was not liable under the provisions of the policy. We held the policy to be valid and approved the judgment of the trial court which ordered the insurer to pay to insured the sum of $750.00, the fee of the attorneys employed to defend the action.

In this case, the position taken by the insurer in denying liability under the policy, even though it also offered the defense we have above described, sufficed to justify insured's employment of its individual attorneys, and had the legal significance of a refusal to defend.

■ Counsel for defendant herein calls our attention to the fact that the attorneys employed by Shehee-Ford Wagon & Harness Company, Inc., performed only a small amount of work in the preparation, trial, and prosecution of the proceedings, and that the brunt of the litigation was borne by them. Even conceding this to be true, we deem this fact to be immaterial to a decision of the issue regarding the insurer's liability herein. Whether the efforts furnished by insured's counsel were great or small, they certainly proved to be in the interest and for the benefit of insured's rights.

■ Many cases are cited in the brief of defendant's counsel to the effect that attorney's fees as damages are not ordinarily allowed. They also refer to the

rule that the cost of printing briefs are not recoverable. While we recognize that these holdings have been often applied, we do not think they are here applicable. Insurer's failure to defend the damage suit as contemplated by the policy made it responsible to the insured for whatever actual expense it was compelled to undergo, which, in this instance, was the attorney's fees and the items of cost above described. This principle was held by us to be correct in the case of Sears v. Interurban Transportation Co., Inc., supra.

The testimony of the insured's president is that he actually paid to the individual attorneys a fee of $500 for their services in connection with the litigation. The trial court found this to be a reasonable compensation, held the other claimed items of expense to be correct, and granted judgment therefor. The record amply sustains the correctness of the judgment, and we will not disturb it.

The judgment is affirmed.

*Rehearing denied Dec. 11, 1936.