The plaintiff insurance company brought this suit and obtained a judgment against the defendant for the sum of $338.93, representing the balance due for earned premiums *Page 784 
on certain insurance policies issued by it to the defendant at the latter's request. Defendant did not seriously dispute the correctness of plaintiff's claim and, on the trial of the case in the lower court, admitted his indebtedness to plaintiff in the amount prayed for in the petition. He, however, filed a reconventional demand seeking recovery from plaintiff of $429.90, representing costs and attorneys fees incurred by him in defending an action for damages which had been brought against him by the father of a young lady named Miss Lorraine Miller, who had sustained personal injuries, on March 30, 1938, when a truck owned by defendant was run into by an automobile in which Miss Miller was a passenger. Alleging that the truck involved in the accident was covered under a liability insurance policy issued by plaintiff to him, defendant set forth that plaintiff had breached its contract by failing and refusing to defend the claim of Miss Miller as it was required to do under the provisions of the policy; that it instituted action in the Federal Court for the Eastern District of Louisiana for a declaratory judgment in which it sought to avoid any responsibility under the policy; that, as a result, he was compelled to employ private counsel to defend the suit for declaratory judgment as well as the action of Miss Miller and that he had been forced to expend $429.90 in the defense of these actions which plaintiff insurance company is legally bound to restore to him in accordance with the obligation imposed upon it under the contract.
After a trial in the lower court on this issue, judgment was given in favor of defendant on the reconventional demand for the amount claimed. It is from this judgment that plaintiff has appealed.
The sole question presented for our consideration is whether plaintiff is responsible to defendant for the monies expended by him in defending the claim of Miss Miller for personal injuries and in resisting its action for a declaratory judgment. The facts of the case are not in dispute and we find them to be as follows:
On July 27, 1937, plaintiff issued to defendant a policy of liability insurance wherein it agreed to pay, on his behalf, all sums which he should become obligated to pay by reason of the responsibility imposed upon him by law for damages caused by accident arising out of the ownership, maintenance or use of a certain International truck. The limit of the insurance company's liability under this policy was $5,000 and, in addition, the company agreed to defend, in the assured's name and behalf, any suit which might be brought against him for damages "even if such suit is groundless, false or fraudulent". On March 30, 1938, while this policy was in full force and effect, the International truck was involved in an accident near Baldwin, Louisiana, when it was run into from its rear by an automobile driven by one Charles Walker, Jr., in which Miss Miller was a passenger. As a consequence of this collision, Miss Miller sustained personal injuries and her father, asserting that the accident was due to the negligence of the driver of the International truck, made claim on the defendant and plaintiff insurance company for damages. Upon the receipt of this claim, plaintiff insurance company took the position that, since the accident occurred at a point 125 miles from the place where the truck was garaged, it was not responsible under its policy for the consequences of the mishap, in view of a provision in the policy wherein the defendant represented that the truck would not be regularly used in his business for the delivery of merchandise and other goods outside of a radius of 50 miles from the place where the truck was customarily garaged. Later, on July 18, 1938, the insurance company instituted a proceeding against the defendant and the father of the injured minor, Lorraine Miller, in the United States District Court for the Eastern District of Louisiana, New Orleans Division, No. 534 in Equity,[1] wherein it sought a declaratory judgment as to whether it was bound under its policy to defend, on defendant's behalf, any action for damages arising out of this accident and as to whether the accident was covered by the policy of insurance. It alleged in this suit that the father of Miss Miller, through his attorney, had made a demand against it and the defendant for damages by a letter dated May 30, 1938; that conferences had been held with said attorney and that the latter had threatened to sue defendant, Perrin, and it (plaintiff insurance company) unless a settlement of the claim was effected. It further alleged that, in view of the representation made to it in the policy by its insured that the truck involved in *Page 785 
the accident would not be used regularly in connection with his business outside of a radius of 50 miles from the place of the principal garaging of the vehicle, it be declared that there was no liability on its part under the policy for this particular accident and that the court further declare that it was not required to defend the action for damages contemplated by the father of the injured young lady against the defendant, Perrin, and itself.
In view of the action taken by plaintiff insurance company, defendant was compelled to hire an attorney to defend his interest in the premises. He employed Mr. L. Julian Samuel of the Gretna bar and agreed to pay him a fee of $400 for all services to be rendered in defense of the claim for damages by the father of the injured minor and also in the suit brought by plaintiff insurance company for a declaratory judgment. Mr. Samuel filed an answer to the suit of plaintiff insurance company in the Federal Court and resisted its demand on the ground that it was estopped from contending that the representation contained in the policy was binding and effective for the reason that at, before and since the issuance of the policy it had full knowledge of the fact that the truck insured by it was being regularly operated and used in hauling material and merchandise to and from places which were outside a radius of 50 miles from the place of its principal garage at Harvey, Louisiana.
The father of the injured minor, who had been made a party to the Federal Court proceeding, also filed and answer in which he denied the validity of the claims of plaintiff insurance company. In addition, he filed a cross-action in that proceeding against plaintiff insurance company and defendant, Perrin, in which he claimed damages in the sum of $10,000 for the personal injuries sustained by his daughter in the accident. As soon as this counterclaim was interposed, Mr. Samuel, on behalf of defendant, filed a supplemental answer in which he caused the driver of the truck and the driver of the automobile, in which Miss Miller was riding, to be joined as parties defendant in the proceeding.
On March 29, 1939, the father of Miss Miller filed, in addition to his cross-action in the Federal Court, a suit in the District Court of the Parish of St. Mary against defendant, Perrin, and the drivers of the truck and automobile involved in the collision, wherein he claimed damages on behalf of his daughter, in the sum of $16,607.90. When this suit was brought, Perrin, appearing through his attorney, Mr. Samuel, filed an exception to the petition. Plaintiff insurance company was not notified by Perrin of the institution of this suit in the state court but, some months later, its attorneys acquired knowledge of the existence of the proceeding.
While the case in St. Mary Parish was pending on exception, the suit of plaintiff insurance company in the Federal Court for a declaratory judgment came up for trial and, after a hearing, plaintiff's claims were rejected. As soon as this issue was decided, the court called for trial the cross-action for damages which had been instituted by the father of the injured minor. Counsel for the plaintiff insurance company and Mr. Samuel, representing the defendant, Perrin, joined in the defense of this action. Their efforts were successful and judgment was rendered dismissing the cross-action. No appeal was taken from the judgments of the Federal Court and they are now final. The dismissal of Miss Miller's cross-action in the Federal Court and the effect of disposing of all issues presented by the suit filed in her behalf in the state court for the Parish of St. Mary and, while it does not appear that the case has been dismissed, the matter is res adjudicata.
The question therefore for determination is whether, on the above-stated facts, the trial judge was correct in maintaining defendant's reconventional demand. The law of the case is well settled to the effect that, if an insurance company is obligated under its policy to defend an action instituted against its insured and fails or refuses to do so, it is liable to the assured for all of the expenses (including reasonable attorneys' fees) incurred by him in defending the action on his own behalf. See Huddy's Cyclopedia of Automobile Law, Vols. 13 and 14, Section 295, page 375; 36 Corpus Juris, § 66, page 1090; Sears v. Interurban Transportation Co., Inc., 14 La.App. 343, 125 So. 748, and Shehee-Ford Wagon Harness Co. v. Continental Cas. Co., La.App., 170 So. 249.
The insurance company in this case does not question the right of the defendant to be reimbursed for the expenses borne by him in defending an action which it was bound to defend in his behalf under its policy. Nor can it challenge its liability *Page 786 
for the costs of court incurred by defendant in successfully resisting its action for declaratory judgment and the cross-action of Miss Miller's father in the Federal Court. These costs follow the judgment and plaintiff is liable to defendant for their payment. Moreover, it does not complain that the fee paid by defendant to Mr. Samuel, for the services rendered in the Federal and State courts, is excessive. However, it is maintained on plaintiff's behalf that it has not violated its contractual obligation to defend any suit for damages brought against Perrin; that, prior to the institution of such a suit, it sought to have the Federal Court determine whether the accident was covered under the policy, as it had the right to do, and that, as soon as it was decided by the Federal Court that it was obliged to defend any claim arising out of the accident, it acquiesced in the judgment and immediately undertook the defense of the cross-action for damages. It further contends that it cannot be said to have breached its contract for its failure to defend the action by Miss Miller's father in the state court because it was never notified of the action or requested to defend it and that, in any event, it cannot be held for the services rendered by Mr. Samuel in defending its suit for a declaratory judgment, as the policy makes no provision for the payment of expenses incurred by the insured in either maintaining or defending his rights under it.
An examination of plaintiff's contentions has convinced us that there is no merit whatever in the point that it did not violate its contract in failing to defend the suit brought by the injured party in the state court. The record shows that the insurance company, long before the action in the state court had been instituted by Miss Miller's father, had filed suit for a declaratory judgment in the Federal Court wherein it sought to be relieved of responsibility on the insurance contract and in which it alleged that Miss Miller's father had made claim against it and was threatening to sue. This matter was at issue in the Federal Court at the time the suit was filed in the state court and it obviously would have been a vain and useless gesture on the part of defendant to have notified the insurance company that such suit had been filed and to have called upon it to defend the action. The law is too well settled to require the citation of authority that a placing in default is unnecessary where the party obligated under the contract has actively taken the position that he is not bound.
Counsel for plaintiff additionally asserts that the services performed by Mr. Samuel in the state court were of little value as he did no more than file a dilatory exception to the petition of the injured party. This argument overlooks the fact that the action taken by Mr. Samuel halted the progress of that case and that it was a necessary part of his employment by the defendant whereby the latter was required to hire an attorney to defend his interest after plaintiff had defaulted on its obligation.
The next contention of the insurance company is that it is not responsible for the work done by Mr. Samuel in defending, in conjunction with its own counsel, the cross-action of Miss Miller in the Federal Court because it complied with its policy obligation by actually conducting the defense in said cross-action. It is further said that defendant would have had to employ Mr. Samuel in any event forasmuch as the injured party's cross-action was for recovery of damages far in excess of the limit of its liability under the policy.
We do not think that this proposition is well founded. While it is true that, as soon as the insurance company lost its case for a declaratory judgment, its counsel, assisted by Mr. Samuel, undertook the defense of the cross-action for damages brought by Miss Miller's father, they were compelled to do so in view of the fact that the insurance company was a party defendant to his action in the Federal Court. Moreover, the judgment dismissing the suit for declaratory judgment was not final and the plaintiff had not waived its right of appeal. Therefore, Perrin was obviously compelled to have his counsel defend the cross-action for damages on his behalf.
The fact that the damages claimed in the cross-action exceeded the insurance company's limit of liability under the policy cannot furnish a valid excuse to plaintiff for its initial denial to defend the claim for damages on the insured's behalf. The defendant would have had the option to employ his own attorney or, if he had been convinced that it was unnecessary, he could have elected to let the insurance company conduct the entire defense. However, the position taken by plaintiff, that it was not required to defend under the policy, deprived *Page 787 
the defendant from exercising any choice whatever; he was compelled to employ counsel to defend him and such employment resulted exclusively, we think, from the insurer's denial of liability.
The only proposition advanced by the plaintiff which we consider to be well founded is that the defendant is not entitled to recover for the services rendered by Mr. Samuel in defending its action for a declaratory judgment. The obligation of the insurance company, under its policy, was to defend any action for damages brought against the assured as the result of an accident. When it violated this provision of its contract, it became liable for the expense incurred by the insured as a consequence of its breach. But it did not agree to waive its right to contest its liability and there is no provision contained in the policy which condemns it for the attorneys' fees incurred by the assured in case he is forced to resort to the courts in order to have his rights under the contract established. Therefore, the insurance company, believing that the accident was not covered under the policy, was entitled to proceed in the Federal Court for a declaratory judgment without rendering itself liable to defendant for the attorneys' fees incurred by him in defeating its action. A case directly in point on this question is Maryland Casualty Co. v. Sammons, 63 Ga. App. 323, 11 S.E.2d 89, where the Court of Appeals of Georgia found, under similar circumstances, that, while the insured under an automobile policy was entitled to recover reasonable attorneys' fees and other expenses incurred by him in the defense of a damage suit arising out of the operation of the insured automobile, the insurer was not responsible for expenses paid by the insured in successfully defending its action for a declaratory judgment by which it sought to have the Federal Court determine its ultimate liability under the policy.
Since the fee of $400 which was paid to Mr. Samuel was for all services rendered by him in protecting the defendant's interest and included his work in defending the suit for a declaratory judgment, it is not possible to appraise with exactness the value of his services in that suit separately and apart from the work performed by him in successfully defending his client in the damage suit. On the other hand, the evidence and the nature of the services performed make it manifest to us that the work done by Mr. Samuel in the preparation and trial of the damage suit required much more of his time, and the result obtained was of greater value to his client, than the services rendered in defeating plaintiff's action for a declaratory judgment. In fact, the work done in the declaratory judgment suit was but a small portion of his entire services and, considering all the circumstances of the case, we think that those particular services are not worth more than $75. And since we hold that the plaintiff is not liable to the defendant for that part of Mr. Samuel's fee, the judgment appealed from must be reduced accordingly. However, we do not think this small reduction in the judgment of the District Court is sufficient to require the taxing of the costs of this appeal against the defendant.
For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof to $354.90 and, as thus amended, it is affirmed at plaintiff's costs.
Amended and affirmed.
[1] No opinion for publication. *Page 885