161 So.2d 817

**Walter P. CLARK**

v.

**EXCHANGE INSURANCE ASSOCIATION et al.**

**6 Div. 922.**

Supreme Court of Alabama.

Feb. 20, 1964.

Rehearing Denied March 26, 1964

London, Yancey, Clark & Allen, and Thos. R. Elliott, Jr., Birmingham, for Exchange Insurance Ass'n.

Rives, Peterson, Pettus & Conway, Birmingham, for Employers Fire Ins. Co.

Geo. S. Brown, Bowers, Dixon, Dunn & McDowell, Birmingham, for appellant.

**336**

HARWOOD, Justice.

Counsel for the respective litigants agree and we concur, that the sole question raised by this appeal is whether an insured is entitled to recover attorney fees incurred in a declaratory judgment proceeding brought by the insurer in an effort to relieve itself of liability under an automobile liability insurance policy issued by the insurer, the issues in such proceeding having been determined adversely to the contentions of the insurer.

The lower court denied the respondent's (insured's) claim for reimbursement for such fee in the declaratory judgment action, hence this appeal.

Counsel for appellant (insured) argue that such fee should have been allowed under two theories:

· (1) The contractual provision in the policies whereby the insurer agreed to pay expenses incurred by the insured at the request of the insurer, and,

(2) The general authority of the court to grant further or supplemental relief under the provisions of our declaratory judgment statute, particularly Section 163, Title 7, Code of Alabama 1940.

The policy provisions are identical in both policies, and set forth that the insurer will:

"Reimburse the insured for all reasonable expenses * * * incurred at the Company's request."

Counsel for appellant argue that the insured being compelled to appear and oppose the position of the insurer in the declaratory judgment proceedings, was in effect *not only invited to incur attorney fees*, but was compelled to do so by the act of the insurer in initiating such proceedings.

In support of their position, counsel for appellant cite Standard Accident Insurance Co. of Detroit v. Hull, (D.C.Cal.1950),· 91 F.Supp. 65. The federal district court held, where the contractual provision in the policy was the same as in the policies now under consideration, that the fees of the attorneys for the insured incurred. in a declaratory action constituted expenses incurred at the Company's request, the complainant not merely requesting, but requiring the insured to appear and set up their claim in the declaratory judgment instituted by the insurer.

A question similar in all respects to the one now being considered, and under a similar provision in the insurance contract involved, was before the Fifth Circuit Court of Appeals in Milwaukee Mechanics Ins. Co. v. Davis, 198 F.2d 441 (1952). The court therein stated:

"The decisions * * * support the view * * * that ordinarily an insurer is not liable for attorney's fees and expenses incurred by an insured in a declaratory judgment action instituted by the insurer to determine its liability under the policy."

The court cites in support of the above statement, Standard Surety and Casualty Co. of New York v. Perrin (La.App.), 19 So.2d 783; Carter v. Virginia Surety Co., 187 Tenn. 595, 216 S.W.2d 324; Maryland Casualty Co. v. Dalton Coal and Material Co. (8CCA), 184 F.2d 181. There might also be added to the above citations, Maryland Casualty Co. v. Sammons, 63 Ga.App. 323, 11 S.E.2d 89. See also O'Morrow v. Borad (Cal.App.), 161 P.2d 28; Fazzino v. Insurance Co. of North America, 152 Cal. App.2d 304, 313 P.2d 178.

In commenting on the conclusion of the District Court in the Standard Accident Insurance Co., case, supra, the court observed in Milwaukee Mechanics Ins. Co., supra:

"No authority is cited in support of the court's ruling, and the question remains whether the reasoning of the ·district court in that case is sound."

And further:

"To say that a plaintiff in a declaratory judgment action, or for that matter in any law suit, 'requests' the defendant to employ attorneys to contest the action, is a mere play upon words and is contrary to the real substance of the transaction. Due process would, of course, accord the insured the privilege of resisting the company's claim of non-liability and to that end the insured would have the right to employ attorneys, but it would be contrary to every interest of the company to say that the company 'requested' such action. We do not think that either the insurance company or the insured could have had the intention that the insurance company could defend a suit on its policy or could file a declaratory judgment action only at the risk of being liable for attorney's fees incurred by the insured. In our opinion, the attorney's fees incurred by the insured in the declaratory judgment action were not recoverable from the insurance company."

In the comparatively recent case of Inland Mutual Insurance Co. v. Hightower, 274 Ala. 52, 145 So.2d 422, in denying an insured's right to attorney's fees in a declaratory judgment action instituted by the insured to establish liability under a policy after denial of liability by the insurer, and in which the insured prevailed, the court wrote:

"We have accepted the principle in this State that, in the absence of contract, statute, or recognized ground of equity, there is no right to have an attorney's fee paid by the opposing party. Low v. Low, 255 Ala. 536, 540, 52 So.2d 218. We know of no statute or recognized ground of equity which authorizes payment of an attorney's fee for prosecuting a declaratory proceeding.

"In the policy contract here before us, we are cited to no provision providing for a fee to be paid by insurer for insured's attorney in a declaratory action on the policy. We are of opinion that the insurer, believing that the accident was not covered by the policy, was entitled to defend the declaratory suit without rendering itself liable to insured for the attorney's fee incurred by insured in successfully prosecuting the declaratory suit. Standard Surety & Casualty Co. of New York v. Perrin, La.App., 19 So.2d 783; Milwaukee Mechanics Ins. Co. v. Davis, 5 Cir., 198 F.2d 441."

Counsel for appellant denies the applicability of the above doctrine on the ground that the insured had instituted the action, whereas in the present case the insurer was the initiator, and thus compelled the insured to incur attorney's fees. This distinction is without a difference. In each instance the insured's attorney fees were necessitated by the insurer's claim of non-coverage, with the resulting declaratory judgment action brought to pass upon the legal validity of the insured's claim.

It is to be noted that both of the cases cited by the court for its conclusion that the insurer was not liable to insured for attorney's fees, that in Standard Surety and Casualty Co. of New York v. Perrin, supra, and Milwaukee Mechanics Insurance Co. v. Davis, supra, were cases wherein the insurer had instituted the declaratory judgment actions.

■ We hold that the contract provisions in the policies did not render the insurer liable for the attorney's fees incurred by insured in the declaratory judgment proceedings.

As before stated, appellant's second contention is that the provision in Section 163 of Title 7, Code of Alabama 1940, in our declaratory judgment act, to the effect that, "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper," is a statutory

**338**

authorization for the award of attorney's fees in declaratory judgment actions.

Counsel seeks to overcome the statement in Inland Mutual Insurance Co., supra, that, "We know of no statute or recognized ground of equity which authorizes payment of an attorney's fee for prosecuting a declaratory proceeding," by first asserting that the appellant in the present proceeding was not the prosecutor, but was the respondent in the declaratory action, and secondly, that it does not appear that any contention was made that such fees were payable under the supplemental relief provisions of our act above set out, as is the case now.

As before stated, we do not deem it of importance as to who brings the declaratory action, or whether the action be successful or unsuccessful from the complainant's view, insofar as the assessment of attorney's fees is concerned.

Our act provides that further relief may be granted in declaratory judgment actions "whenever necessary or proper." This authorizes a court to grant such additional relief as is authorized by law. It contemplates such relief as is necessary to effectuate the declaratory judgment even though such supplementary relief may consist in the granting of a money judgment in the case, after the rendition of a declaratory decree. See Anderson Declaratory Judgments, Vol. 2, p. 1058, and authority cited. The supplementary relief provision of our act (Section 163, supra) is not authority for the allowance of attorney's fees in declaratory judgment action.

Having no warrant in law to award attorney's fees to the appellant in the proceedings below, the order of the court denying such award was correct.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.