BRADLEY, Judge.
This is an appeal by the plaintiff from a declaratory judgment, requiring the plaintiff United Services Automobile Association to afford coverage to the defendant James T. Pons under an insurance policy issued by the plaintiff.
The plaintiff issued to defendant James T. Pons a policy of insurance entitled “Family Automobile Policy.” The plaintiff agreed under this policy to pay all sums which the insured should become legally obligated to pay because of bodily injury or property damage arising out of ownership, maintenance, or the use of an “owned automobile.” The plaintiff also agreed to defend any suit alleging bodily injury or property damage.
The policy in question extended coverage to several automobiles, among which was a 1967 Triumph TR-4. Testimony in the trial court indicated that the 1967 TR-4 was owned by the son, Gary Phillip Pons, and not the father, James T. Pons. The TR-4 was covered by the provisions of the “Family Automobile Policy.” The TR — 4 was subsequently destroyed in an automobile accident. Thereafter the father testified that he replaced the TR-4 with an MGB that he initially paid $525 for. The plaintiff insurance company was notified of the replacement on October 26, 1977, and the father testified that the plaintiff was aware that the son owned the MGB at this time.
On May 6, 1977 Gary Phillip Pons was involved in an automobile accident in which Brenda Jierski was a passenger. The son was on his own business at the time of the accident. Miss Jierski claimed she sustained injuries, and suits were filed against both the father and son. The plaintiff, USAA, refused to defend the named insured in the suits brought by Brenda Jierski and her parents on negligence grounds.
At the trial the son testified that at the time of the accident, May 6, 1977, he had been the owner of the MGB for four to six months. During 1977 the son was working, but was living at home with his father. The son also testified that he believed the MGB was registered in his father’s name, but the car had no tag on it and he put the tag from the TR-4 on the MGB before driving it.
The testimony in the trial court indicated that legal title to the MGB was not in the father’s name, but was in the son. The insurer’s underwriter testified that in determining coverage under the policy it was immaterial whether actual legal title to the vehicle was in the father or the son. She stated that the son was listed on the father’s policy as an operator and could therefore drive the vehicles covered by the policy. She also testified that the MGB would be covered by the policy if it was bought as a replacement for the TR-4. Testimony by the father also revealed that the annual premium on the insurance policy was increased for the accident involving the MGB.
The trial court held that the vehicle was an “owned automobile” and thus covered by the policy if the vehicle was listed as an insured vehicle and a premium was collected. The court determined that the MGB replaced the TR-4 and became an “owned automobile” under the policy, and the evi *168 dence supports a finding that the father bought the MGB as a replacement for the TR-4. The trial court further held that the plaintiff had breached its insurance agreement by refusing to defend the insured and found that plaintiff was obligated to pay any judgment rendered against either James T. or Gary Phillip Pons. The court also gave judgment in the amount of $1,500 as damages for the breach of the agreement to defend the above mentioned litigation. From that judgment USAA appeals.
Plaintiff says that it rightfully refused to defend James T. and Gary Phillip Pons in the action filed against them by the Jierskis because James T. Pons had no insurable interest in the son’s automobile which was involved in the accident with the Jierskis. Further, the automobile owned by the son which was involved in the accident was not covered by the liability policy in question because the automobile was not an “owned automobile” within the meaning of the policy.
Defendant Pons says that the automobile owned by the son and involved in the accident above mentioned was an “owned automobile” within the meaning of the policy and therefore plaintiff had a contractual duty to defend him in the action filed by the Jierskis.
The pertinent provisions of the policy are as follows:
“owned automobile” means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,
(b) a trailer owned by the named insured,
(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
(1) it replaces an owned automobile as defined in (a) above, or
(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile
A recent Alabama Supreme Court case, Hartford Insurance Group v. State Farm Mutual Automobile Insurance Company, 372 So.2d 1303 (Ala.1979), involved the construction of a similar policy provision. The court held that it was of no consequence that the named insured acquired a replacement vehicle in concert with her daughter, if the evidence supported a finding that the named insured purchased the vehicle to replace a previously insured vehicle.
Nowhere in the cited case is mention made of an insurable interest. Yet in the case sub judice, the question of James T. Pons’ insurable interest in the automobile in question was made an issue in the plaintiff’s complaint and is made an issue here. Granted, the trial court did not decide specifically that Pons had an insurable interest in the MGB. Such an omission, however, does not alter the way we think the case should be decided.
A comparison of the pertinent facts in the present case with those in Hartford illustrates the following similarities between the cases: (1) the named insured was a parent of the principal operator; (2) the principal operator was an adult living at the home of his parents; (3) the insurer had adequate notice that the originally insured vehicle was being replaced by another vehicle; (4) the insurer did not offer a refund of the premium upon notice of intent to replace; (5) the policy provisions defining “owned automobile” were identical.
There are also factual dissimilarities between the two cases; however, we think these facts only create a stronger case for coverage under the before mentioned policy. In Hartford the principal operator bought the replacement vehicle with a check payable to her as well as - to the named insured, whereas in the case at bar the trial court found that the named insured purchased the replacement vehicle. *169 In our opinion this latter fact adds support to a finding that James T. Pons, the named insured, acquired the MGB as a replacement for the previously covered TR—4. Also in Hartford the court found that the vehicle was covered under the policy as a replacement vehicle when the insurer received oral notification, whereas in the present case there is no dispute but that the insurer was notified of the replacement of the vehicle and the vehicle was placed on the policy by the insurer. Therefore, the insurer in the case at bar not only received notice but acted on such notice by listing the replacement vehicle, the MGB, on the policy. Under the above facts it would be anomalous to hold .that the insurer can collect a premium from the insured on a replacement vehicle and then be allowed to refuse to defend the insured as required by the policy.
Based upon the holding in Hartford and the above mentioned .facts, we find that there is sufficient evidence in the record to support the trial court’s finding that James T. Pons, the named insured, acquired the MGB as a replacement for the previously insured TR—4. We therefore hold that the plaintiff breached its contractual duty to defend.
The plaintiff also requests that this court set aside the $1,500 award to defendant as damages for a breach of the agreement to defend. The plaintiff argues that attorney fees may not be awarded in proceedings to determine coverage under a declaratory judgment action. The plaintiff’s argument may have some validity. However, that is not the issue here.
The trial court gave the defendant a judgment of $1,500 for damages for the breach of the contractual agreement to defend and not as attorney fees. There was evidence in the trial court which indicated that the defendant had incurred attorney fees in the amount of $1,500 resulting from his having to defend lawsuits arising out of the accident made the basis of this suit.
Section 6-6-230, Code of Alabama 1975, provides that further relief may be granted in declaratory judgment actions “whenever necessary or proper.” This authorizes a court to grant such relief as is necessary to effectuate the declaratory judgment even though such supplementary relief may consist of the granting of a money judgment in the case. Clark v. Exchange Insurance Association, 276 Ala. 334, 161 So.2d 817 (1964).
The trial court granted the defendant $1,500 in damages under its statutory authority. We find no error with such an award.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.