[No. 46034–8240–0–I.   Division One.   October 6, 1980.]

FARMERS INSURANCE COMPANY OF WASHINGTON,
*Respondent,* v. WILLIAM REES, ET AL,
*Appellants.*

*Gordon, Thomas, Honeywell, Malanca, Peterson &
O'Hern* and *James A. Furber,* for appellants.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes &
Johnson, P.S.,* and *Edward S. Winskill,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The insureds appeal the trial court's denial of their request for attorneys' fees after prevailing in a declaratory judgment action brought by their insurer.

This appeal was initially filed in the State Supreme Court. It was subsequently transferred to this court for determination.

It is the claim of Mr. and Mrs. McLeod, the insureds, that since they prevailed in the declaratory judgment action, they are entitled to recover actual attorneys' fees from their insurer, Farmers Insurance Company. The following section of their insurance policy is pertinent:

(3) **Defense, Settlement, Supplementary Payments:** The Company shall have the right and duty to defend, at its own expense, any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. The Company may make such investigation and settlement of any claim or suit as it deems expedient, but shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of liability has been exhausted by payment of judgments or settlements.

The Company will pay, in addition to the applicable limits of liability:

(a) premiums on appeal bonds required in any defended suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the Company shall have no obligation to apply for or furnish any such bonds;

(b) all expenses incurred by the Company, all costs taxed against the insured in any defended suit, and that portion of the interest accruing after the entry of judgment which the limits of liability hereunder bear to the total amount of the judgment until the Company has paid, tendered, or deposited in court that part of the

judgment which does not exceed the limit of the Company's liability thereon;

(c) expenses incurred by the insured for emergency medical and surgical relief to others at the time of occurrence;

(d) reasonable expenses incurred by the insured at the Company's request, including actual loss of wages or salary (but not other loss of income) not to exceed $25 per day because of his attendance at hearings or trials.

One basic issue is presented.

## ISSUE

Are insureds entitled to recover attorneys' fees incurred in a declaratory judgment action to determine whether or not there is coverage under a liability insurance policy?

## DECISION

CONCLUSION. It has long been recognized in this state that attorneys' fees may be recovered only when authorized by contract, statute or a recognized ground of equity. Since none of those grounds exist here, the trial court did not err in denying the insureds' claim for attorneys' fees in this declaratory judgment action.

■ The State Supreme Court has recently stated:

We have consistently refused to award attorneys' fees as part of the cost of litigation in the absence of a contract, statute, or recognized ground in equity.

*Seattle School Dist. 1 v. State,* 90 Wn.2d 476, 540, 585 P.2d 71 (1978).

Neither the Uniform Declaratory Judgments Act, RCW 7.24, nor any other statute, authorizes the award of attorneys' fees other than statutory attorneys' fees in cases such as this one. *Seattle School Dist. 1 v. State, supra* at 541; *Rocky Mt. Fire & Cas. Co. v. Rose,* 62 Wn.2d 896, 899–900, 385 P.2d 45, 1 A.L.R.3d 876 (1963). Nor does any recognized ground in equity authorize attorneys' fees in such cases. Resolution of the issue before us thus depends on the provisions of the insurance contract.

■ In considering the language of the policy, we are bound by the rule that "[i]f the policy language is clear and

unambiguous, the court may not modify the contract or create an ambiguity where none exists." *Morgan v. Prudential Ins. Co. of America,* 86 Wn.2d 432, 435, 545 P.2d 1193 (1976). Furthermore, "it should not be given a strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within its terms . . ." *Morgan v. Prudential Ins. Co. of America, supra* at 434.

A similar issue was presented in *Rocky Mt. Fire & Cas. Co. v. Rose, supra.* In that case, the insureds argued that they were entitled to recover actual attorneys' fees from the insurer in a declaratory judgment action based on an insurer's duty to defend under the policy.[1] *See Rocky Mt. Fire & Cas. Co. v. Rose, supra* at 900. The State Supreme Court denied the insureds' claim for actual attorneys' fees holding that the insurance company had the right to bring a declaratory judgment action against its insureds without subjecting itself to liability for the insureds' attorneys' fees. *Rocky Mt. Fire & Cas. Co. v. Rose, supra* at 900–02.

In this case, the insureds seek to recover under the clause of the Defense, Settlement, Supplementary Payments section of the insurance policy which provides that the company will pay "reasonable expenses incurred by the insured at the [insurer's] request" (see subsection (d) of the section of the policy quoted above). The insureds make no claim that the insurer's suit was other than in good faith.

A claim for attorneys' fees under substantially identical circumstances and policy language was rejected in the leading case of *Milwaukee Mechanics Ins. Co. v. Davis,* 198 F.2d 441, 445 (5th Cir. 1952) in which the court reasoned as follows:

> The word "expenses", while it might include attorney's fees, is not very appropriate for that purpose. "Generally it is held that attorney's fees are not included within a contractual provision for the payment of 'expenses'." 14

---

[1]The Defense, Settlement, Supplementary Payments section of the insurance policy in the present case likewise, of course, imposes the duty to defend on the insurer.

Am. Jur., Costs, Section 63; See note in Annotated Cases 1914C, p. 1301. It seems to us that the expenses contemplated by the parties in this provision of the insurance policy were expenses in connection with the risk insured against or incurred in the performance of the contract and not expenses incurred in litigation between the insured and the company to determine whether a risk was covered by the policy.

To say that a plaintiff in a declaratory judgment action, or for that matter in any law suit, "requests" the defendant to employ attorneys to contest the action, is a mere play upon words and is contrary to the real substance of the transaction. Due process would, of course, accord the insured the privilege of resisting the company's claim of non–liability and to that end the insured would have the right to employ attorneys, but it would be contrary to every interest of the company to say that the company "requested" such action. We do not think that either the insurance company or the insured could have had the intention that the insurance company could defend a suit on its policy or could file a declaratory judgment action only at the risk of being liable for attorney's fees incurred by the insured. In our opinion, the attorney's fees incurred by the insured in the declaratory judgment action were not recoverable from the insurance company.

While we recognize that there are a variety of judicial viewpoints on this subject, *see* Annot., 87 A.L.R.3d 429 (1978), we consider the view expressed by the Fifth Circuit in *Milwaukee Mechanics Ins. Co. v. Davis, supra,* to be most in accord with the principles of Washington law enunciated above and we adopt the holding in that case. *Accord, Farmers Cas. Co. v. Green,* 390 F.2d 188, 192 (10th Cir. 1968); *Clark v. Exchange Ins. Ass'n,* 276 Ala. 334, 161 So. 2d 817 (1964); *Carroll v. Hanover Ins. Co.,* 266 Cal. App. 2d 47, 71 Cal. Rptr. 868 (1968).

In response to the insureds' public policy arguments that the insurers should be required to pay the insureds' attorneys' fees in this situation, we point out that the State Supreme Court has unanimously declared that the courts

"are not a super legislature," *Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n,* 83 Wn.2d 523, 528, 520 P.2d 162 (1974). The state legislature has had before it a number of bills which would obligate insurers to pay attorneys' fees to insureds in this and analogous situations but to date has declined to enact them.[2] If insureds are to be given the right to recover attorneys' fees from their insurers in declaratory judgment actions such as this one, such a decision should follow "after all of the voices have been heard and the legislative process has done its work." *Roth v. Bell,* 24 Wn. App. 92, 104, 600 P.2d 602 (1979).

For the aforesaid reasons, the trial court did not err in denying the insureds' claim for actual attorneys' fees in this declaratory judgment action. Similarly, actual attorneys' fees will be denied on appeal. RAP 18.1(a).

Affirmed.

JAMES, A.C.J., and RINGOLD, J., concur.

Reconsideration denied January 19, 1981.

Review granted by Supreme Court March 27, 1981.

---

[2]See Senate Bill No. 3038, 45th Legislature, 1st Ex. Sess. (1977); Senate Bill No. 527, 40th Legislature (1967); House Bill No. 627, 39th Legislature (1965); House Bill No. 380, 40th Legislature (1967).