30 Wn. App. 769 (1981)
637 P.2d 996
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
ELMER WINBECK, ET AL, Respondents.
No. 8950-1-I.
The Court of Appeals of Washington, Division One.
December 21, 1981.
*770 Betts, Patterson & Mines, Ingrid Hansen, and Tracy Brown, for appellant.
Keller, Rohrback, Waldo & Hiscock, Pinckney M. Rohrback, Cook, Berst, Landeen & Butler, and George S. Cook, for respondents.
WILLIAMS, J.
United Services Automobile Association brought a declaratory judgment against Elmer and Frances Winbeck to determine the extent of its liability under an auto insurance policy issued to them. By summary judgment United was determined liable for the full $50,000 of underinsured motorist protection provided by the policy. Both appeal, United from the order to pay and the Winbecks from the denial of their claim for attorney's fees, costs and prejudgment interest.
Mrs. Winbeck, who suffered damages in excess of $85,000 while riding as a passenger in a friend's car that collided with another car, received $35,000:
(1) $10,000 in medical insurance benefits from her friend's insurer;
(2) $15,000, the maximum, in liability insurance benefits from the tort-feasor's insurer; and,
(3) $10,000 in extended medical insurance benefits from her United policy.
[1] Following institution of this action, United paid $35,000 of the $50,000 underinsured motorist protection afforded by the policy[1] refusing to pay the $15,000 balance *771 because the tort-feasor's insurance carrier had paid that sum. The Superior Court allowed the Winbecks' claim for the full $50,000 relying in part on the authority of Thiringer v. American Motors Ins. Co., 91 Wn.2d 215, 588 P.2d 191 (1978), wherein the Supreme Court said:
The general rule is that, while an insurer is entitled to be reimbursed to the extent that its insured recovers payment for the same loss from a tort-feasor responsible for the damage, it can recover only the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for his loss.
This rule embodies a policy deemed socially desirable in this state, in that it fosters the adequate indemnification of innocent automobile accident victims.
(Citations omitted.) Id. at 219-20.
The Winbecks paid a premium for the underinsured motorist coverage and had a right to expect payment if the recovery from other sources, after diligent effort, was less than Mrs. Winbeck's general damages. The $35,000 received from the other sources plus the full $50,000 underinsured motorist coverage does not fully compensate Mrs. Winbeck. The Superior Court was correct.
[2] The Winbecks contend on their cross appeal that the court erred in refusing to award them prejudgment interest, costs and attorney's fees. As to the claim for interest:
The rule in Washington is that interest prior to judgment is allowable (1) when an amount claimed is "liquidated" or (2) when the amount of an "unliquidated" *772 claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion.
Prier v. Refrigeration Eng'r Co., 74 Wn.2d 25, 32, 442 P.2d 621 (1968). Once it was determined by admission on March 20, 1980, that Mrs. Winbeck had sustained damages in excess of $85,000, the amount due was determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. Hence, it was liquidated. See Seattle-First Nat'l Bank v. Pacific Nat'l Bank of Wash., 22 Wn. App. 46, 60, 587 P.2d 617 (1978). The Winbecks should be paid the interest accruing upon the balances remaining after that date.
Costs and attorney's fees for the Winbecks were correctly denied by the court. Farmers Ins. Co. v. Rees, 27 Wn. App. 369, 617 P.2d 747 (1980), review granted, 95 Wn.2d 1011 (1981).
The summary judgment is affirmed and the cause remanded for computation of prejudgment interest.
RINGOLD, A.C.J., and CORBETT, J., concur.
Reconsideration denied January 27, 1982.
NOTES
[1] "Any amount payable under the terms of this Part because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by

"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile". An endorsement to the policy provides:
"It is agreed that, with respect to such insurance as is afforded by the policy for damages because of bodily injury caused by accident and arising out of the ownership, maintenance or use of an uninsured highway vehicle or an uninsured automobile, subdivision (a) of the definition of `uninsured highway vehicle' (or the first subdivision, designated (a) or (1), of the definition of `uninsured automobile') is amended to include `underinsured highway vehicle' subject to the following provisions:
"...
"When used in reference to this insurance ... `underinsured highway vehicle' means a highway vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under this insurance...." (Italics ours.) The language contained in the policy and endorsement does not have "much to offer as to intent, clarity of expression or definition of controlling terms." Strunk v. State Farm Auto. Ins. Co., 90 Wn.2d 210, 212, 580 P.2d 622 (1978).