This is the second appeal of this case. In Green v. StandardFire Ins. Co. of Alabama, 398 So.2d 671 (Ala. 1981), this Court held that Standard Fire had not effectively cancelled its policy of automobile liability insurance with Sylvester and Linda Green. The prior appeal was from a declaratory judgment action filed by Standard Fire. Upon remand, the Greens filed a complaint for damages against Standard Fire and its agents, All Risk Insurance Agency and The Insurance Store. The case went to trial, but the court granted the defendants' motions for directed verdict at the close of plaintiffs' evidence. The Greens appeal.
The Greens allege that Standard Fire breached its contract of insurance with them by failing to defend them in two actions arising out of an automobile accident in which Linda Green was involved shortly after the putative expiration date of the policy. In the policy, Standard Fire agreed to defend the Greens in any suit for injuries covered by the policy. Two suits were filed against the Greens during the pendency of the declaratory judgment action. Because Standard Fire disclaimed liability under the policy, the Greens retained counsel to defend them.
The first item of damages that the Greens seek in this action is the attorney's fees they incurred in defending the automobile injury suits against them. These fees appear to be small, because the suits were continued during the pendency of the *Page 335 
declaratory judgment action and its appeal, and because Standard Fire assumed the defense of the suits after this Court reversed the declaratory judgment on the issue of liability coverage.
Attorney's fees incurred as a proximate result of Standard Fire's refusal to defend the suit are appropriate damages for breach of contract. If Standard Fire had not denied that its policy was in force at the time of the accident, it would have been obligated to provide legal representation for the Greens. To the extent that these were proper damages claimed in the instant suit, the trial court erred in granting the motion for directed verdict in favor of Standard Fire.
The second item of damages which the Greens claim against Standard Fire is their attorney's fees and costs from the declaratory judgment action and its appeal. These are not recoverable. City of Vestavia Hills v. Randle, 292 Ala. 492,296 So.2d 710 (1974); Clark v. Exchange Ins. Ass'n, 276 Ala. 334, 161 So.2d 817 (1964). The Greens claim that Standard Fire's assertion that it had effectively cancelled its coverage was frivolous, and so they should be allowed to recover. We need not decide whether such a claim is absolutely precluded under the authority of the cases cited, because it is clear that Standard Fire's claim was not frivolous. The trial court held in its favor. This Court affirmed in part and reversed in part. Although this Court held that the notice of cancellation of liability insurance was not effective for lack of a statement of reasons, as required by Code 1975, § 27-23-23, Standard Fire was entitled to maintain its argument to the contrary. To the extent that the directed verdict in the instant action applies to the damages sought for attorney's fees in the declaratory judgment action and its appeal, the judgment of the trial court is due to be affirmed.
The Greens sued All Risk Insurance Agency and The Insurance Store for conversion of the policy. The Insurance Store sold the Greens their policy, paid Standard Fire the premium in advance, and then collected payments from the Greens. When the Greens did not make the required payments, The Insurance Store asked All Risk to cancel the policy. All Risk sent notice of cancellation to the Greens. The Greens contend that these actions constitute an illegal assumption of ownership over the policy and thus support their action for conversion.
The parties stipulated in the pretrial order, however, that The Insurance Store was an authorized general agent of Standard Fire and that All Risk was an authorized general managing agent of Standard Fire. A general agent "has authority to act for his principal in all matters in the ordinary course of business."Protective Life Ins. Co. v. Green, 226 Ala. 512, 515,147 So. 442, 444 (1933). Standard Fire had the right to cancel the policy for nonpayment of premiums. All Risk and The Insurance Store also had that right as general agents of Standard Fire. The trial court committed no error in directing a verdict for All Risk and The Insurance Store.
In accordance with the foregoing, the judgment of the circuit court is affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.