PER CURIAM.
This case arises from a declaratory judgment action filed by Alliance Insurance Company (Alliance), seeking its rights, duties, and obligations concerning a policy of insurance with Joshua Reynolds and Alberta U. Williams. A non-jury trial was held before the Montgomery County Circuit Court on May 1, 1985. The trial court entered an order in favor of the insureds. Alliance appealed the ruling to the supreme court, which affirmed the trial court’s order. See, Alliance Insurance Co. v. Reynolds, 494 So.2d 609 (Ala.1986). The supreme court denied rehearing on September 12, 1986.
On June 13, 1985 counsel for the insureds filed a motion for an award of attorney fees, requesting $2,700. On July 18, 1986 another motion was filed, requesting $3,600 in attorney fees. The trial court *1216 entered a judgment in favor of the movant in October 1986 for $2,700. Alliance requested that the trial court reconsider the grant of attorney fees and the request was denied on December 11, 1986. It is from the lower court’s grant of attorney fees and the denial of Alliance’s request for reconsideration that Alliance appeals.
Alliance contends that the trial court erred in awarding attorney fees in favor of the insured in a declaratory action in the absence of contract, statute, or recognized ground of equity.
“In Alabama, attorney’s fees are recoverable only where authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be made.” Eagerton v. Williams, 433 So.2d 436 (Ala.1983); Reynolds v. First Alabama Bank, 471 So.2d 1238 (Ala.1985). Moreover, Alabama has long recognized that, absent a pertinent statute or contractual provision, an insured may not recover from his insurer attorney fees incurred in a declaratory judgment action to determine the existence of coverage under a liability policy. State Farm Mutual Automobile Insurance Co. v. Vails, 278 Ala. 266, 177 So.2d 821 (1965); Clark v. Exchange Insurance Association, 276 Ala. 334, 161 So.2d 817 (1964).
In the case sub judice, the trial court awarded attorney fees on the basis of the equitable exception and relied on the First Alabama Bank case as authority for its decision.
This court, in the case of Cory v. Carpenter, [Ms. Nov. 19, 1986] (Ala.Civ.App.1986), which was a case involving misrepresentations of the dimensions of certain land lots, said:
“In Reynolds [Reynolds v. First Alabama Bank, 471 So.2d 1238 (Ala.1985) ] a class action was filed by the beneficiaries of trust accounts against the trustee bank to recover for imprudent investments. The litigation resulted in a judgment for the beneficiaries and they sought to have the trustee bank pay their attorney fees. The trial court refused to do this and ordered the fees paid from the judgment. On appeal the supreme court reversed the trial court and ordered the attorney fees paid by the trustee bank.
“The supreme court held that ordinarily each party must pay his attorney’s fee, but that there is an exception. The exception is where fraud, willful negligence, or malice has been practiced. The discussion of the court relative to the exception was in the context of the establishment of a common fund. Therefore, we do not consider Reynolds to be apt authority for the award of an attorney’s fee to a winning party in a fraud case not involving a common fund. The trial court’s refusal to award an attorney’s fee to the plaintiff in this case was not error.”
Subsequent to its decision in Reynolds v. First Alabama Bank, supra, the supreme court, in Green v. Standard Fire Insurance Co., 477 So.2d 333 (Ala.1985), said that attorney’s fees are not recoverable by the insured in a declaratory judgment action filed by the insurer to establish that a policy of insurance had been cancelled. The supreme court in Green did not change its longstanding policy of refusing to award attorney’s fees in declaratory judgment actions brought to determine whether a policy of insurance had been validly can-celled. Because it did not change this longstanding policy in Green, we must assume that the supreme court did not intend to extend the exception established in First Alabama beyond the factual situation in the First Alabama case. Furthermore, we consider the decision in Green to be a confirmation of our opinion in Cory that the supreme court in First Alabama did not intend to extend the attorney fee exception beyond the common fund fact situation.
We therefore hold that First Alabama is inapt authority for the award of attorney fees in the case at bar. The applicable rule for the disposition of the request for an attorney fee in the present case is the one found in Vails, supra.
Assuming for argument’s sake, however, that First Alabama was intended to apply in a declaratory judgment action such as *1217 exists m the present case, there was no evidence of fraud, willful negligence, or malice on the part of the insurer. In fact, in Alliance Insurance Co. v. Reynolds, supra, the supreme court strongly suggested that the question presented by the insurer relating to its obligation under the insurance policy is one of first impression. Consequently, the insureds in the present case could not be awarded an attorney’s fee based on the exception established in First Alabama because there is no evidence of fraud, willful negligence, or malice on the part of the insurer.
For the above-stated reasons, the judgment of the trial court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.