296 So.2d 710

**CITY OF VESTAVIA HILLS, Alabama, a municipal corporation, et al.**

**v.**

**Roy H. RANDLE, an Individual d/b/a Rocky Ridge Pharmacy, et al.**

**CITY OF VESTAVIA HILLS, Alabama, a municipal corporation, et al.**

**v.**

**Jake R. VAUGHN, an Individual d/b/a Bluff Park Pharmacy, et al.**

**CITY OF VESTAVIA HILLS, Alabama, a municipal corporation, et al.**

**v.**

**DREXEL HILLS LAND COMPANY, INC., a corporation, et al.**

**CITY OF VESTAVIA HILLS, Alabama, a municipal corporation, et al.**

**v.**

**Carole H. LAIRD, an Individual d/b/a Carole Hagan Flowers.**

**SC 595–598.**

Supreme Court of Alabama.

June 20, 1974.

Callaway & Vance and Charles M. Thompson, Birmingham, for appellants.

Ralph L. Armstrong, Birmingham, for appellees.

MERRILL, Justice.

These appeals by the City of Vestavia Hills are from decrees dismissing complaints in four declaratory judgment proceedings brought against the City, but which allowed attorney's fees to complainants and assessed costs against the City. The issues are identical in each case and the four cases were consolidated in this court.

The suits were filed on April 20, 1973, demurrers overruled May 21, the City's pleas in abatement filed on June 15, 1973 and sustained on July 31, 1973.

The decree of the trial court was the only action relating to each of these cases in the circuit court which occurred after July 3, 1973, the effective date of the Alabama Rules of Civil Procedure, and ARCP do not apply to this proceeding. Premier Industrial Corp. v. Marlow, 292 Ala. 407, 295 So.2d 396.

The bills of complaint attacked certain sections of Ordinance No. 228 of the City of Vestavia Hills, which applied a business license fee to those businesses operating outside the City but within its police jurisdiction and Ordinance No. 268 which imposed a sales tax on certain goods sold by businesses operating outside the City but within its police jurisdiction. The appellees and others similarly situated in S.C. Nos. 595, 596 and 597 were doing business within the police jurisdiction of the City of Vestavia Hills. The appellees in S.C. No. 598 were not doing business within the police jurisdiction of the City. It is our understanding that the complainants in the four suits are people engaged in business in four different shopping centers outside the city limits of Vestavia Hills.

The City's plea in abatement stated that its Ordinance No. 272, passed subsequently to Ordinances 228 and 268, "removed the business license fee application of the police jurisdiction businesses and said plea also stated that the city clerk of the City of Vestavia Hills was instructed to refund license fees to all businesses wherein the same had been collected under Ordinances No. 228 and 268."

The complainants in the four cases moved that the court grant reasonable attorney's fees to them and that the costs be taxed against the City.

The trial court sustained the pleas in abatement, dismissed the causes, allowed a $200.00 attorney's fee in each case and taxed the costs against the City.

The only issues raised in this appeal are whether the attorney's fees should have been allowed and whether the costs should have been assessed against the City.

### Attorney's Fees

■ Attorney's fees are not allowable unless authorized by statute or contract, the basis of the suit. Taylor v. White, 237 Ala. 630, 188 So. 232, and cases there cited.

■ This court has held that attorney's fees are not authorized by the Declaratory Judgment law. In Clark v. Exchange Insurance Association, 276 Ala. 334, 161 So. 2d 817, it was said:

"As before stated, appellant's second contention is that the provision in Section 163 of Title 7, Code of Alabama 1940, in our declaratory judgment act, to the effect that, 'Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper,' is a statutory authorization for the award of attorney's fees in declaratory judgment actions.

"Counsel seeks to overcome the statement in Inland Mutual Insurance Co., supra, [274 Ala. 52, 145 So.2d 422] that, 'We know of no statute or recognized ground of equity which authorizes payment of an attorney's fee for prosecuting a declaratory proceeding,' by first asserting that the appellant in the present proceeding was not the prosecutor, but was the respondent in the declaratory action, and secondly, that it does not appear that any contention was made that such fees were payable under the supplemental re-

lief provisions of our act above set out, as is the case now.

"As before stated, we do not deem it of importance as to who brings the declaratory action, or whether the action be successful or unsuccessful from the complainant's view, insofar as the assessment of attorney's fees is concerned.

"Our act provides that further relief may be granted in declaratory judgment actions 'whenever necessary or proper.' This authorizes a court to grant such additional relief as is authorized by law. It contemplates such relief as is necessary to effectuate the declaratory judgment even though such supplementary relief may consist in the granting of a money judgment in the case, after the rendition of a declaratory decree. See Anderson Declaratory Judgments, Vol. 2, p. 1058, and authority cited. The supplementary relief provision of our act (Section 163, supra) is not authority for the allowance of attorney's fees in declaratory judgment action.

"Having no warrant in law to award attorney's fees to the appellant in the proceedings below, the order of the court denying such award was correct."

The complainants object to the designation of the bill of complaint as a bill for declaratory judgment. Each bill prayed that the court determine the validity, the force and effect, the enforceability and the constitutionality of Ordinances 228 and 268. This was purely declaratory relief. Additional relief was sought in the form of injunctions, that the court order the repayment of money already paid under the ordinances, and the allowance of reasonable attorney's fees. The bill primarily sought a declaration of rights and the additional relief could be granted only if the declaration were favorable to complainants.

Actually, the causes had not completed the normal pleading stage when they were dismissed. The bills were filed, demurrers

overruled (properly so in a declaratory judgment proceeding) and a plea in abatement filed. No testimony was taken, but we consider the plea in abatement as confessed because the next and final pleading by complainants was the motion to grant attorney's fees and to tax costs against the City.

Based upon the authorities cited supra, that part of the decrees granting attorney's fees in each case are reversed.

### Costs

 Equity Rule 112, Tit. 7, Appendix, Code 1940 (applicable here), provides in pertinent part:

"Costs will be imposed by the court or judge having jurisdiction at such times during the litigation as he deems proper, subject to correction for improper exercise of his discretion, and may be apportioned by him between the parties; * * *."

In City of Birmingham v. Bouldin, 280 Ala. 85, 190 So.2d 279, this court said:

"Equity Rule 112 gives the court the power to apportion costs. 'In equity the matter of costs rests largely in the discretion of the chancellor.' Thompson v. Bryant, 251 Ala. 566, 38 So.2d 590; Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70. We cannot say that there was an improper exercise of the trial court's discretion on this question. * * *"

We cannot say that there was an improper exercise of the trial court's discretion in assessing the costs against the City.

The decree in each case is affirmed in all respects except as to the matter of attorney's fees already noted.

Affirmed in part, reversed in part and rendered.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.