**Michael RYAN, Plaintiff,**

v.

**FLAME REFRACTORIES, INC., Defendant.**

**Civ. A. No. 90–788–B–C.**

United States District Court, S.D. Alabama, S.D.

March 11, 1991.

Nunc Pro Tunc Feb. 19, 1991.

Michael Gillion, Robert G. Jackson, Jr., Miller, Hamilton, Snider & Odom, Mobile, Ala., for plaintiff.

Cooper C. Thurber, Lyons, Pipes & Cook, Mobile, Ala., for defendant.

## MEMORANDUM OPINION AND ORDER

BUTLER, District Judge.

This case, one alleged to be within diversity jurisdiction, initially came to the attention of the Court on the motion of defendant Flame Refractories, Inc. to dismiss the action as barred by the applicable statute of limitations. Upon a review of the pleadings, however, this Court raised *sua sponte* the issue of whether it had subject matter jurisdiction. After providing the parties an opportunity to brief the issue,[1] this Court, on February 19, 1991, entered a judgment of dismissal for lack of subject matter jurisdiction. In that judgment the Court summarized the grounds therefor and indicated its intention to enter a more detailed opinion at a later date; that is the purpose of this memorandum opinion and order.

## FACTS

Michael Ryan, the named plaintiff, was injured on August 26, 1988, while performing services for his employer, Inspection Services, Inc. ("Inspection"), in Pennington, Alabama. The defendant, Flame Refractories, Inc. ("Flame"), allegedly manufactured and constructed a walkway which is asserted to be the instrumentality causing Ryan's injury. A worker's compensation claim brought by Ryan against Inspection was settled for $10,538.00 and the settlement was judicially approved by the Circuit Court of Hamilton County, Tennessee on February 16, 1989. Apparently, Inspection's worker's compensation carrier, American International Recovery, Inc. ("AIR"), paid Ryan in connection with that settlement.

This action was commenced on October 16, 1990, as noted above, in the name of Michael Ryan. Flame then motioned to dismiss the action as barred by the two year limitation period applicable to the theories asserted, negligence and the Alabama Extended Manufacturer's Liability Doctrine, under Ala.Code § 6-2-38(*l*) (Supp. 1990). "Plaintiff" opposed the motion relying on Ala.Code § 25-5-11(d) (1986) which provides, in relevant part:

> In the event the injured employee ... do[es] not file a civil action against [the responsible] party to recover damages within the time allowed by law ... the insurance carrier for the employer shall be allowed an additional six months within which to bring a civil action against such other party for damages on account of such injury. In the event the ... insurance carrier shall have paid compensation to such employee ... such civil action may be maintained either in the name of the injured employee ... or in the name of the ... insurance carrier, and in the event the damages recovered in such civil action are in excess of the compensation payable ... under this chapter ... the excess of such amount shall be held in trust for the injured employee....[2]

Given "plaintiff's" reliance on the additional six month period provided carriers under § 25-5-11(d), it became apparent that this action was not commenced by Ryan, but rather, by AIR.

---

1. The parties filed letter briefs each asserting that this Court had subject matter jurisdiction. This Court was not persuaded by the arguments or authorities presented by the parties.

2. Apparently, it is of no moment that Ryan's worker's compensation claim was brought under the Tennessee statute and AIR's action under the Alabama counterpart. Since neither party has raised the issue the Court takes it as undisputed that the circumstances of Ryan's injuries were such that compensation was payable under the Alabama statute and thus AIR may properly assert rights provided carriers thereunder. *See* Ala.Code § 25-5-11(a) (1986).

APPLICABLE LAW

■ In fact, it appears undisputed that any claim Ryan himself may have had has been lost by virtue of the expiration of the limitation period, and it is that very fact that afforded AIR the additional six months to bring this action. *See Garren v. Commercial Union Ins. Co.*, 340 So.2d 764 (Ala.1976) (subrogee cannot bring action until period in which injured employee may sue has lapsed). It is not AIR's right to commence this action within the six month window provided by § 25–5–11(d) with which this Court is concerned. As noted in the judgment entered previously, this Court views the right provided carriers under § 25–5–11(d) to bring an action after the statute of limitations has run on the injured employee as a substantive right this Court is bound to recognize. *See West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987) (where claim in diversity case is premised on state law appropriate limitation period is that provided by state law); *see also Dade County v. Rohr Indus., Inc.*, 826 F.2d 983 (11th Cir.1987).

■ However, as stated in the judgment, this Court cannot give recognition to the "right" of carriers to prosecute this type of subrogation action in the name of the injured employee. Although § 25–5–11(d) might properly be given that effect in state court, it cannot be allowed by a federal court sitting in diversity. Fed.R.Civ.P. 17(a) expressly provides that "every action shall be prosecuted in the name of the real party in interest." It cannot be seriously contended that AIR is not the real party plaintiff in interest. "In the worker's compensation field ... the failure of an employee to bring an action within a certain length of time often will result in a statutory assignment of the claim to the [carrier], *who then becomes the real party in interest.*" 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1550 (1990) (emphasis added). Moreover, the question of "who is the real party in interest is a *procedural* matter [and therefor a] federal court need not follow state [law providing] that suit may be brought in the name of the insured." *Id.* at § 1546 (emphasis added) (citing *Gas Serv. Co. v. Hunt*, 183 F.2d 417 (10th Cir.1950)). Of course, the injured employee, no longer having any claim of right against the defendant by virtue of the expiration of the limitation period, cannot be a real party in interest.[3]

---

**3.** This Court is aware that AIR's failure to initiate this action in its own name does not by itself justify dismissal of this suit. *See* Fed.R.Civ.P. 17(a). However, this discussion is significant, in addition to giving recognition to the procedural requirement that suits be prosecuted in the name of the real party in interest, with respect to pleading requirements concerning diversity jurisdiction.

Notwithstanding the matter discussed below concerning the amount in controversy (which is the linchpin of this Court's decision to dismiss this case), the complaint filed in this suit is not sufficient to invoke this Court's diversity jurisdiction. Under the circumstances of the instant case the burden is on plaintiff to properly plead and prove diversity of citizenship. *See respectively Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790 (9th Cir.1986) (plaintiff must affirmatively allege elements of diversity jurisdiction); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254 (5th Cir.1988) (burden of proving complete diversity rests upon party invoking court's diversity jurisdiction). The jurisdictional allegations made in the instant case are: 1) "plaintiff, Michael Ryan, is an adult resident citizen of the State of Tennessee;" and 2) "defendant, Flame Refractories, is a foreign corporation doing business in the State of Ala-

bama." No allegation is made as to the citizenship of AIR.

In this Court's view Ryan's citizenship is irrelevant to the determination of whether diversity of citizenship exist, as he is not, and cannot, be a party to this action. *See Jefferson v. Ametek, Inc.*, 86 F.R.D. 425 (D.Md.1980) (citizenship of partially subrogated insurer named as "use plaintiff" and not properly named as a *party* immaterial to the diversity equation). However, even assuming Ryan could be a party the allegation as to his resident citizenship is insufficient. For the purpose of determining diversity it is citizenship, not residence, that controls; and, in determining citizenship it is "the *domicile* of the parties, *as opposed to their residence,* [that] is the key." *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir.1980) (emphasis added); *see also Jagiella v. Jagiella*, 647 F.2d 561 (5th Cir.1981).

Moreover, in addition to having completely failed to plead its own citizenship (which as the real party plaintiff in interest is required), AIR's allegations as to the citizenship of the corporate defendant are also insufficient. Where corporate parties are involved "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each

■ Although the procedural and pleading deficiencies discussed thus far may have been curable by amendment, as already mentioned, the linchpin of this Court's dismissal is the absence of the requisite amount in controversy. This deficiency cannot be cured. The complaint filed by AIR demands damages in the amount of $500,000.00; however, the decree issued by the Circuit Court of Hamilton County, Tennessee (attached as an exhibit to AIR's response to Flame's motion to dismiss) indicates that AIR paid only $10,538.00 pursuant to the settlement of Ryan's worker's compensation claim. It is AIR's contention that the provision in § 25–5–11(d) requiring that any recovery by the carrier in excess of what it has paid be held in trust for the employee entitles AIR to assert the claim for damages that could have been made by Ryan and that that amount should be considered for the purpose of determining the amount in controversy. This Court disagrees.

In this Court's view, AIR may not rely on amounts in excess of what *it as the real party in interest* may recover for the purpose of establishing that the jurisdictional amount is in controversy. *See Myers v. Long Island Lighting Co.*, 623 F.Supp. 1076 (E.D.N.Y.1985) (amount in controversy determined by the value of the claim of the real party in interest). That is, AIR may rely on the alleged value of the claim Ryan could have brought against Flame only to the extent of its subrogation interest therein.

In *Thomson v. Gaskill*, 315 U.S. 442, 447, 62 S.Ct. 673, 675–76, 86 L.Ed. 951 (1942), the Court, albeit in a different context, stated that "[i]n a diversity litigation the value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence *to those in the litigation*." (emphasis added). As stated by another authority, "[t]he amount in controversy is measured by the *direct pecuniary value* of the right that *plaintiff* seeks to enforce." 7A C. Wright, A. Miller & E.

Cooper, *Federal Practice and Procedure* § 3702 (1985) (emphasis added). While it is true that

> [o]rdinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that claim is made in good faith ... "[i]t has been further recognized that while good faith is a salient factor, it alone does not control; for *if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction....* However, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim."

*Wiggins v. North American Equit. Life Assur. Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (quoting in part *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir.1957) (emphasis added)). *See also Duderwicz v. Sweetwater Sav. Assoc.*, 595 F.2d 1008 (5th Cir. 1979) (dismissal of diversity action proper where it appears to legal certainty that plaintiff cannot recover jurisdictional amount; state law relevant insofar as it defines extent of plaintiff's rights). Given that the very provision of Alabama law which authorizes AIR to bring this suit also expressly limits the carrier's right of recovery to the amount of compensation paid to the injured employee and that AIR has paid Ryan only $10,538.00, it "appears to a legal certainty" that AIR cannot recover the jurisdictional amount.

Of course, it may be argued that although § 25–5–11(d) limits the amount which the carrier may recover to the amount it has paid the statute clearly contemplates actions for amounts in excess of such payments (by requiring any excess to be held in trust for the injured employee) and therefor the potential excess should be considered for the purpose of determining the jurisdictional amount in federal court. This argument is not completely without appeal. However, in this Court's view, that § 25–5–11(d) *allows* the carrier to re-

---

corporation." *Getty Oil*, 841 F.2d at 1259. Absent such allegations the pleading is insufficient for jurisdictional purposes. *Id.* AIR's com-

plaint is deficient in all of these respects and thus does not properly invoke the diversity jurisdiction of this Court.

cover in excess of the amount it has paid and then pay over such excess to the injured employee does not obligate the carrier to do so, does not make the injured employee (against whom the statute of limitations has run) a real party in interest, and does not entitle the carrier to rely on such potential excess for the purpose of establishing the jurisdictional amount in a diversity case.

The operation of § 25–5–11(d) is not such that the carrier becomes the legal owner of the entire claim against the tortfeasor; rather, the *carrier's interest* is in the nature of a security interest to extent of the compensation it has paid. *See Jamison v. Cooper,* 754 F.2d 1568 (11th Cir.1985) (so construing a similar provision of the Tennessee Code). Given that the injured employee no longer has any claim of right to be asserted against the defendant, any "recovery" by the injured employee of the excess is properly characterized as a collateral effect of the carrier's action and cannot be considered for the purpose of determining the amount in controversy. *See Elliott v. Empire Natural Gas Co.,* 4 F.2d 493 (8th Cir.1925).[4]

In summary, while this Court, as a federal court sitting in diversity, is bound to recognize a carrier's right to sue in the additional six month period provided by Ala.Code § 25–5–11(d), it cannot give recognition to the provision allowing carriers to sue in the name of the injured employee and it cannot allow the statute, via its collateral effect, to operate so as to vest this Court with diversity jurisdiction where the pecuniary interest of the real party plaintiff in interest does not meet the requisite jurisdictional amount.

[4.] It should be pointed out that this Court's decision does not abrogate the effect intended by the legislature of the State of Alabama. So far as this Court can ascertain, the intended effect of the statute in question is to afford the carrier an opportunity to recoup from the wrongdoer payments made to an injured employee and while allowing this opportunity to prevent unjust enrichment to the carrier by limiting its right to recover to the extent of payments made. The statute may be given this effect in state court or in a federal court where the parties are

Accordingly, it is ORDERED that this action is due to be and hereby is DISMISSED for lack of subject matter jurisdiction.

of diverse citizenship and the amount paid by the carrier is in excess of $50,000.00, exclusive of interest and costs. It is not this Court's intention or prerogative to pass judgment on the wisdom of enactments of the legislature of the State of Alabama. This Court's treatment of the statute is intended to be strictly limited to the task at hand; that is, to determine what effect, if any, the provisions of the statute may properly be given with respect to this Court's diversity jurisdiction.