ROBERTSON, Presiding Judge.
On December 4, 1991, John D. Bunkley sued his employer, Bunkley Air Conditioning, Inc., in the Mobile County Circuit Court, for workmen’s compensation benefits. Bunkley alleged that he had injured his back and leg in an automobile accident on December 29, 1990, and that the injuries arose out of and in the course of his employment. Bunkley Air Conditioning answered on January 22, 1992, admitting that Bunkley was in its employ on December 29, 1990, but denying that Bunk-ley was acting within the line and scope of his employment when the accident occurred.
On March 3, 1993, the trial court entered an order holding that Bunkley’s injury arose out of and in the course of his employment. On June 21, 1993, the parties filed a joint motion for instructions and for the approval of the payment of accrued workmen’s compensation benefits. That same day, the trial court entered an order approving the lump sum payment of the accrued workmen’s compensation benefits owed to Bunkley. On November 2, 1995, Bunkley Air Conditioning *829 filed an amendment to its answer, alleging that, pursuant to § 25-5-11(a), Ala.Code 1975, it was entitled to a credit for the monies Bunkley had recovered in settling claims for uninsured motorist benefits under provisions of his employer’s automobile insurance policy and his personal automobile insurance policy.
The trial court heard ore tenus evidence on February 21, 1996, and entered a judgment on April 25, 1996, stating, in pertinent part:
“[Bunkley] was an employee of [Bunkley Air Conditioning] working within the line and scope of his employment at the time he was involved in an automobile accident in Mobile County, Alabama on December 29,1990, at which time his average weekly wage was $590.40.
“As of February 21, 1996, [Bunkley Air Conditioning] had paid to [Bunkley] compensation at the rate of $369.00 per week for 231 weeks pursuant to this Court’s Orders dated March 2, 1993, and June 21, 1993, respectively. Additionally, [Bunkley Air Conditioning] has provided medical treatment to [Bunkley] for the injuries [he] suffered in said accident as provided by the Alabama Work[men’s] Compensation Statute.
“The Court further finds that [Bunkley] had received treatment by Dr. Nick Nichols for a variety of health problems for many years prior to this accident and none of which health problems prevented his work for [Bunkley Air Conditioning]. In this accident [Bunkley] suffered significant injury to his right knee and on occasion he requires the use of a cane while walking as a result of injuries suffered in this accident.
“The Court notes that [Bunkley] contends he has suffered head injuries in this accident leaving him permanently, totally disabled; after considering all of the evidence in this case, including the extensive medical records and various medical depositions together with courtroom testimony by various doctors including two neurop-sych[ologists] and after considering the deposition testimony of two vocational experts submitted by the parties, and having observed [Bunkley] both in Court and on surveillance videos, the Court finds that [Bunkley] has suffered a 60% decrease of earning capacity as a result of this accident. The Court also finds that [Bunkley] has reached his maximum medical improvement from his ... injuries, that he no longer suffers a total disability from employment, that his injuries are permanent and that future compensation for the injuries sustained in this accident are to be calculated on a sixty percent (60%) permanent partial disability to his body as a whole.
“The Court further finds that [Bunkley], acting through his attorney, has recovered the sum of $69,382.54 in two uninsured motorist claims arising out of this accident and after deducting [Bunkley’s] attorney’s fees and costs of litigation, [Bunkley] has received the sum of [$43,652.57] as a result of the alleged negligence of the third party who collided with [Bunkley’s] vehicle at the time of said accident; pursuant to the provisions of [§ 25-5-11, Ala.Code 1975,] [Bunkley Air Conditioning] is entitled to a credit in the amount of $43,652.57 against all future compensation due to [Bunkley] in this ease.”
Bunkley appeals, raising two issues: (1) whether the trial court erred in crediting his recovery of uninsured motorist benefits against his future workmen’s compensation benefits, and (2) whether the trial court abused its discretion in finding that he had suffered a 60% loss of earning capacity.
Bunkley’s injuries occurred on December 29,1990; therefore, the Workmen’s Compensation Act, as it read before the 1992 amendments, governs this case. This court must first determine if there is any legal evidence to support the trial court’s findings; if such evidence exists, then this court must determine whether any reasonable view of that evidence supports the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).

*830
I. Credit

It is undisputed that Bunkley sued his automobile insurance company, that he recovered $60,000 in uninsured motorist benefits from his insurance company, and that he received $9,382.64 in uninsured motorist benefits under Bunkley Air Conditioning’s automobile insurance policy. It appears that the uninsured motorist was not a named defendant in BunHey’s action against his insurance company. There is no indication in the record that any damages were recovered from the uninsured motorist.
Section 25-5-11(a), Ala.Code 1975, as it read before the May 19, 1992, amendments, stated, in pertinent part:
“Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not such party is subject to the provisions of this chapter, the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and, at the same time, may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to this chapter.... If the injured employee, or in case of his death his dependents, recover damages against such other party, the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages so recovered and collected should be in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of such injury or death. To the extent of any such recovery of damages against such other, the employer shall be entitled to reimbursement for the amount of such compensation theretofore paid on account of such injury or death.”
(Emphasis added.)
Historically, our Supreme Court has interpreted the predecessors to § 25-5-ll(a)— Ala. Code 1923, § 7586, and Ala. Code 1940, Tit. 26, § 311 et seq. — as allowing a credit or subrogation only against recoveries from the third-party wrongdoer whose tortious act proximately caused the worker’s injury.
“In short, the subrogation is to the right of the injured workman or his dependents to bring an action for damages against the person or persons proximately causing the injury by negligence or wrongful act.”
Metropolitan Cos. Ins. Co. v. Sloss-Shejfield Steel & Iron Co., 241 Ala. 545, 547, 3 So.2d 306, 309 (1941).
In State Farm Mut. Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971), a case with similar facts, our Supreme Court interpreted Tit. 26, § 312, Ala.Code 1940, as follows:
“The statutory right of subrogation created by the above provision is in favor of the employer when compensation is due an injured employee, and the injury is caused to the employee under circumstances also creating a legal liability for damages on the part of any party other than the employer.
“The only action for recovery of damages for personal injuries proximately resulting from the negligence of a party other than the employer is an action on the case. In such action the basis of the liability of any party other than the employer rests in tort for negligently injuring the workman....
“Thus, if Cahoon could recover anything from the uninsured motorist, Patrick, it would be on a tort basis because of Patrick’s negligence.
“The present judgment was rendered in a suit by Cahoon in an action in contract based on the insurance contract entered into between Cahoon and State Farm.”
The Court in Cahoon concluded that the uninsured motorist insurance carrier was not entitled to offset Cahoon’s workmen’s compensation benefits against the amount claimed by Cahoon under the uninsured motorist provision of his automobile insurance policy. In so holding, the Court also concluded that the workmen’s compensation car *831 rier was not entitled to subrogate against Cahoon’s uninsured motorist benefits because those benefits resulted from Cahoon’s contract with his automobile insurance carrier and not from the uninsured motorist whose actions injured Cahoon.
Our courts have continued to apply the Cahoon rationale in succeeding cases under § 25-5-11(a).
‘“In our opinion, the employer or insurance carrier is entitled to be reimbursed, out of any judgment recovered by the employee or his representative in a suit against a third party wrongdoer, all payments made by the employer or the insurance carrier which are included within the meaning of the word “compensation” as used in § 312, lit. 26 [predecessor to § 25-5-11], as amended, irrespective of the type of damages claimed in the complaint in the suit against the third party wrongdoer.’ ”
(Emphasis added.) Millers Mwt. Ins. Ass’n v. Young, 601 So.2d 962, 963 (Ala.1992) (quoting Liberty Mut. Ins. Co. v. Manoseo, 271 Ala. 124, 127, 123 So.2d 527, 529-30 (1960)). See also Ryan v. Flame Refractories, Inc., 759 F.Supp. 774 (S.D.Ala.1991); Davidson v. Pet, Inc., 644 So.2d 896 (Ala.1994); American Economy Ins. Co. v. Thompson, 643 So.2d 1350 (Ala.1994); Braxton v. Dixie Elec. Coop., 409 So.2d 822 (Ala.1982); and Orum v. Employers Cas. Co., 348 So.2d 792 (Ala.Civ.App.1977).
In Maryland Cos. Co. v. Tiffin, 537 So.2d 469 (Ala.1988), a ease involving subrogation under § 25-5-11, our Supreme Court recognized the holding of Cahoon in distinguishing that case from the facts in the case before it, stating:
“In that case, there was uninsured motorist coverage. Cahoon sued in an action based on a contract between Cahoon and State Farm. This Court held, in reference to what is now § 25-5-11:
‘“The statutory right of subrogation created by the above provision is in favor of the employer when compensation is due an injured employee, and the injury is caused to the employee under circumstances also creating a legal liability for damages on the part of any party other than the employer.’
“287 Ala. at 468,252 So.2d at 623. Clearly, in the ease at issue, the plaintiffs contended that the death of the employee was caused by the actionable fault of parties other than the employer.”
537 So.2d at 473. That is, the Court allowed subrogation in Tiffin on the basis that the suit by the dependents of the worker was against a third-party wrongdoer. The Court distinguished Cahoon because in Cahoon the worker’s action was not against a third-party wrongdoer in tort, but against his uninsured motorist insurance carrier in contract.
We also note that in the recent case of H & H Wood Co. v. Monticello Ins. Co., 668 So.2d 38 (Ala.Civ.App.1995), cert. denied, 668 So.2d 40 (Ala.1995), this court held that a workmen’s compensation carrier was not entitled to intervention under § 25-5-11. In reaching that conclusion, this court considered the rationale in Cahoon, supra, that the workmen’s compensation insurance carrier’s right of subrogation applied to only the injured worker’s claims against the third-party wrongdoer who had caused the injury. We also recognize the discussion by our Supreme Court in Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991), citing Cahoon as an example of the Court’s refusal to classify actions for uninsured motorist benefits as actions sounding in contract or as actions sounding in tort. See H & H Wood Co., supra, (Robertson, P.J., concurring in the result only). Whether such actions sound in tort or in contract, they do not directly relate to the wrongful act that proximately caused the injury to the worker.
The foregoing case law leads us to conclude that our Supreme Court has interpreted the subrogation and credit provisions of § 25-5-11 and its predecessors to apply to the proceeds of judgments recovered and collected against a “third-party wrongdoer,” where such third-party wrongdoer is the person or persons whose wrongful act proximately caused the worker’s injuries. It follows that subrogation under § 25-5-11 does not extend to the recovery of damages under contracts of insurance that are separate and *832 apart from the wrongful conduct that injures the worker.
In this case, both BunHey’s personal automobile insurance company and Bunkley Air Conditioning’s automobile insurance company were liable as a result of the uninsured motorist coverage afforded to Bunkley. The insurance companies’ liability to pay damages to Bunkley did not arise out of the negligent conduct of the driver that injured Bunkley; their liability for damages arose out of the breach of the insurance contracts. We note that had those insurers paid the uninsured motorist benefits under their policies, there would have been no litigation resulting in “damages” paid to Bunkley, and no arguable application for credit or subrogation under § 25-5-11. Accordingly, we hold that the trial court erred in crediting Bunkley’s recoveries and collection of uninsured motorist benefits against the future workmen’s compensation benefits owed to Bunkley.

II. Loss of Earning Capacity

A trial court has considerable discretion in determining a worker’s loss of earning capacity, and the court “may consider such factors as age, education, past work history, and the effect of the injury.” Paschel v. Emro Marketing Co., 632 So.2d 971, 973 (Ala.Civ.App.1993); Alabama Power Co. v. Wagnon, 627 So.2d 977 (Ala.Civ.App.1993).
The trial court heard conflicting testimony from both parties’ experts about whether Bunkley had suffered an organic brain injury and neuropsychological injuries as a result of the accident. The trial court had adequate evidence, both by review of expert evidence and by examination of Bunkley himself, to support its finding that Bunkley had suffered a 60% loss of earning capacity. “The resolution of ... conflicting testimony is a task assigned to the trial court, and that resolution is presumed to be correct on appeal.” Houser v. Gipson, 485 So.2d 738, 739 (Ala.Civ.App.1986). After carefully reviewing the record, we conclude that the trial court’s finding that Bunkley had suffered a 60% loss of earning capacity is supported by legal evidence, and that a reasonable view of that evidence supports the trial court’s judgment. Eastwood Foods and Veazey, supra.
We affirm that portion of the trial court’s judgment finding that Bunkley had suffered a 60% loss of earning capacity. We reverse that portion of the judgment crediting Bunk-ley’s uninsured motorist recoveries against the workmen’s compensation benefits due to Bunkley, and we remand this cause for the trial court to award Bunkley workmen’s compensation benefits without crediting Bunk-ley’s recoveries of uninsured motorist benefits.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.