953 So.2d 413 (2006)
PROGRESSIVE SPECIALTY INSURANCE COMPANY
v.
UNIVERSITY OF ALABAMA HOSPITAL.
2041124.
Court of Civil Appeals of Alabama.
July 21, 2006.
Certiorari Denied September 15, 2006.
R. Larry Bradford and Justin B. Lamb of Bradford & Sears, P.C., Vestavia Hills, for appellant.
William Kent Upshaw of Comer & Upshaw, LLP, Birmingham, for appellee.
Alabama Supreme Court 1051580.
CRAWLEY, Presiding Judge.
Progressive Specialty Insurance Company ("Progressive") issued a policy of automobile insurance to Deborah McFarland. That insurance policy provided "medpay" coverage; the policy limits of the medpay coverage were $2,000. On January 19, 2004, Nick Williams was involved in a single-vehicle automobile accident while driving McFarland's automobile. Williams was hospitalized at University of Alabama Hospital ("UAB") between January 20 and January 24, 2004, for treatment of injuries resulting from the January 19, 2004, accident. During Williams's hospitalization and treatment, he accrued $27,898.57 in hospital charges. Pursuant to Ala.Code *414 1975, § 35-11-370, UAB filed a notice of hospital lien on January 29, 2004, for the amount of $27,898.57. Progressive paid the $2,000 policy limits for medpay coverage directly to Williams on February 11, 2004, after receiving either constructive or actual notice of UAB's hospital lien. UAB contended that Progressive had impaired its hospital lien by directly paying the $2,000 in medpay coverage to Williams.
Progressive then filed an action seeking a judgment declaring that the hospital-lien statute applied only to proceeds available to a patient by virtue of a tort action or settlement. Progressive and UAB stipulated to the above-mentioned facts, and the trial court considered legal argument by both parties. The trial court entered a judgment declaring that the hospital-lien statute does apply to moneys due a patient as the result of a contractual undertaking such as a policy of insurance. The court further determined that Progressive had impaired UAB's lien, and it awarded UAB $27,898.57 and attorney fees in the amount of $4,000. Progressive appeals, arguing that the hospital-lien statute, by its language, applies only to moneys due a patient as a result of the tort liability of a third party and that the trial court erred in awarding UAB attorney fees in the declaratory-judgment action. We affirm.
The hospital-lien statute reads as follows:
"Any person, firm, hospital authority or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims and demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."
§ 35-11-370 (emphasis added).
Progressive argues that the language used in the hospital-lien statute clearly evinces an intent that the statute be applied only to moneys owed a patient on the basis of tort liability. UAB disagrees, stating that the text of the statute contains no words evincing an intent that the lien attach only to moneys resulting from tort liability to a patient. We are presented, then, with a question of statutory construction.
"`"In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
"`"`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."'"'
"Richardson v. Terry, 893 So.2d 277, 283 (Ala.2004) (quoting DeKalb County LP Gas Co. v. Suburban Gas [, Inc.], 729 So.2d 270, 275-76 (Ala.1998)). `"When ascertaining legislative intent, statutes which are in pari materia . . . must be interpreted as a whole in light of the *415 general purpose of the statute."' Ex parte Berryhill, 801 So.2d 7, 10 (Ala. 2001) (quoting Kirkland v. State, 529 So.2d 1036, 1038 (Ala.Crim.App.1988))."
Blackmon v. Brazil, 895 So.2d 900, 907 (Ala.2004).
Progressive grounds its entire argument on a comparison between the hospital-lien statute and Ala.Code 1975, § 25-5-11(a), the statute governing reimbursement of the employer out of damages recovered from third parties in the workers' compensation context. See Bunkley v. Bunkley Air Conditioning, Inc., 688 So.2d 827 (Ala. Civ.App.1996). In Bunkley, this court held, based on a previous case in which our supreme court had construed the predecessor statute to § 25-5-11(a), that § 25-5-11(a) allowed a credit to the employer "only against recoveries from the third-party wrongdoer whose tortious act proximately caused the worker's injury." Bunkley, 688 So.2d at 830 (relying on State Farm Mut. Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971)). The language of § 25-5-11(a), however, differs from the language of the hospital-lien statute.
Section 25-5-11(a) reads, in pertinent part, as follows:
"If the injury or death . . . was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer. . . . "
(Emphasis added.) Section 25-5-11(a) requires that the injury be caused by circumstances that result in legal liability for damages. That is, § 25-5-11(a) permits an employer to be reimbursed, when recovery is realized, for its payment of workers' compensation benefits when the employee is injured under circumstances that result in legal liability of a third party for the injury. Bunkley, 688 So.2d at 830. The language in the hospital-lien statute indicates that the lien attaches to "any and all actions, claims, counterclaims and demands" that accrue to the patient. § 35-11-370. The statute does not limit the hospital's right to assert a lien to only those claims that arise out of legal liability based upon the circumstances surrounding the accident giving rise to the patient's injuries. Thus, Progressive's argument that the hospital-lien statute does not apply to moneys available to a patient by virtue of a contractual obligation such as an insurance policy cannot find support in the construction of language in § 25-5-11(a), which is materially different.
The language in § 35-11-370 indicates that a lien attaches to all actions, claims, counterclaims, and demands that accrue to a patient on account of the injuries for which he or she was treated. Although terms like "actions," "claims," and "counterclaims" evoke the legal equivalents of those terms, i.e., a cause of action or a legal claim raised in a complaint, the terms "claim" and "demand" are not limited solely to any peculiarly legal meaning by other wording in the statute. A claim is defined as "a demand for something due or believed to be due ." Merriam-Webster's Collegiate Dictionary 227 (11th ed.2003). Likewise, a demand is defined as "something claimed as due." Merriam-Webster's Collegiate Dictionary 330 (11th ed.2003). We conclude, therefore, that, despite Progressive's argument to the contrary, the language used in the hospital-lien statute does not confine itself solely to tort claims and does not limit the right of a hospital to assert a lien on moneys realized only from tort settlements or actions.
In addition, our supreme court has at least implicitly held that hospital liens can attach to moneys owed a patient by virtue of a contractual obligation. See Mitchell v. Huntsville Hosp., 598 So.2d 1358 (Ala. 1992), and Guin v. Carraway Methodist *416 Med. Ctr., 583 So.2d 1317 (Ala.1991). Although neither Mitchell nor Guin case involved the argument made here on appeal, both cases involved a hospital's right to insurance payments made on behalf of a patient whose hospital bills were unpaid.
In Guin, the case originated as an interpleader action when the insurance company sought the court's aid in determining to whom to pay the hospital accident policy benefits to which the patient was entitled. Guin, 583 So.2d at 1318. After the trial court discharged the insurance company and realigned the parties, the trial court entered a summary judgment awarding the policy benefits to Carraway Methodist Medical Center. Id. The patient's husband had assigned the policy benefits to Carraway, and the patient and her father argued to the trial court and on appeal that the husband's assignment of those benefits was invalid. Id. The trial court determined that § 35-11-370 gave Carraway an automatic lien for the reasonable value of the medical services provided to the patient. Id. at 1319. The supreme court did not discuss the purported assignment of benefits and instead relied solely on § 35-11-370 to affirm the award of the policy benefits to Carraway.
In Mitchell, the controversy involved whether an attorney for a patient was entitled to attorney fees out of the insurance benefits he secured for the patient and for the benefit of the hospital. Mitchell, 598 So.2d at 1359. In its discussion of why the attorney was not entitled to a fee out of the insurance benefits the insurance company had paid directly to the hospital, the supreme court made the following observation:
"A revealing light is cast on this case by considering what would have happened if Connecticut General had done what Mitchell requested it do and what, according to the stipulation of facts, it was contractually obligated to do: send the policy benefits to Mrs. Jeffreys as guardian for Johanna or to Mitchell as Mrs. Jeffreys' attorney. In that event, if Mitchell had deducted his fee before paying the balance of the proceeds to the Hospital, Mrs. Jeffreys would have still owed the Hospital the difference between the outstanding bill and the amount of that payment. Similarly, if Connecticut General had sent two-thirds of the benefits to the Hospital and one-third of the benefits to Mitchell, the amount due to the Hospital would have been decreased only by the amount it received. In either event, the hospital lien would remain in effect for the balance due. See Ala.Code 1975, § 35-11-370; Guin v. Carraway Methodist Medical Center, 583 So.2d 1317 (Ala.1991)."
Mitchell, 598 So.2d at 1360-61.
Our supreme court "has recognized that the hospital-lien statute is to be construed broadly in order not to defeat a valid hospital claim." Ex parte University of South Alabama, 761 So.2d 240, 244 (Ala. 1999). Thus, based on both the language of the statute and our supreme court's implicit holdings in Guin and Mitchell, we affirm the trial court's determination that the hospital-lien statute does apply to moneys due a patient by virtue of a contractual undertaking such as an insurance policy.
Progressive also argues that the trial court improperly awarded UAB attorney fees because, it says, attorney fees are not awardable in a declaratory-judgment action.[1] Progressive relies upon City of *417 Vestavia Hills v. Randle, 292 Ala. 492, 296 So.2d 710 (1974), which did in fact reverse a judgment awarding attorney fees in a declaratory-judgment action. However, the Randle court began its analysis of the attorney-fee issue by stating the general rule that "[a]ttorney's fees are not allowable unless authorized by statute or contract. . . ." Randle, 292 Ala. at 494, 296 So.2d at 711.[2]
In reaching its holding reversing the award of attorney fees, the Randle court quoted from Clark v. Exchange Insurance Association, 276 Ala. 334, 161 So.2d 817 (1964), in which the supreme court rejected the argument that an award of attorney fees was permitted under the section of the declaratory-judgment act providing that "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper":
"`As before stated, appellant's second contention is that the provision in Section 163 of Title 7, Code of Alabama 1940, in our declaratory judgment act, to the effect that, "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper," is a statutory authorization for the award of attorney's fees in declaratory judgment actions.
"`. . . .
"`Our act provides that further relief may be granted in declaratory judgment actions "whenever necessary or proper." This authorizes a court to grant such additional relief as is authorized by law. . . . The supplementary relief provision of our act (Section 163, supra) is not authority for the allowance of attorney's fees in declaratory judgment action.'"
Randle, 292 Ala. at 494, 296 So.2d at 711 (quoting Clark, 276 Ala. at 338, 161 So.2d at 820) (emphasis added). Randle is not authority for the proposition that attorney fees are never recoverable in a declaratory-judgment action; instead, Randle simply recognized that the declaratory-judgment act itself contains no provision for an award of attorney fees. Based on the above-quoted language from Clark, Randle recognized that a trial court may award additional relief authorized by law when resolving a declaratory-judgment action.
Although UAB may not have been entitled to attorney fees simply for defending the declaratory-judgment action, the trial court's conclusion that Progressive impaired UAB's hospital lien entitled UAB to attorney fees pursuant to Ala.Code 1975, § 35-11-372, which states that a lienholder who prevails in an action alleging an impairment of its lien "shall be entitled to recover from the defendant, costs and reasonable attorney's fees." The attorney fees awarded by the trial court were, therefore, "additional relief . . . authorized by law." Thus, we conclude that the award of attorney fees to UAB was proper.
AFFIRMED.
THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs in part and concurs in the result, with writing.
MURDOCK, J., concurs in the result, with writing.
*418 PITTMAN, Judge, concurring in part and concurring in the result.
I concur in the result to affirm, and I concur in that portion of the main opinion addressing the applicability of § 35-11-370, Ala.Code 1975, which imposes a lien upon all "claims . . . accruing to the person to whom . . . care, treatment, or maintenance was furnished . . . on account of injuries giving rise to such . . . claims," to claims that an injured patient may be entitled to assert against an insurer ex contractu. Although the parties disputed in the trial court the amount of attorney fees to be awarded to UAB, the issue whether UAB is entitled to an award of attorney fees at all was not raised in the trial court. "This court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
MURDOCK, Judge, concurring in the result.
Section 25-5-11(a) applies when the same "circumstances" that "caused" an injury or death "also creat[e] a legal liability for damages." In a case such as the one before us, however, more than just the circumstances that caused the injury are necessary to create the legal liability. Specifically, the legal liability in this case also depends for its existence upon the contract between the patient's insurer and the patient. Thus, while language of the nature found in § 25-5-11(a) would not be broad enough to apply to facts such as those presented here, the broader language utilized in § 35-11-370 is.
NOTES
[1] Judge Pittman, in his opinion concurring in part and concurring in the result, states that Progressive failed to raise this issue in the trial court. However, based on our view of Progressive's "Opposition to [UAB's] Evidentiary Submission in Support of Award of Attorney's Fees," in which Progressive stated that "the rate charged is excessive and is not allowed in this declaratory judgment action," Progressive did raise the issue.
[2] Although not relevant in this case, we note that attorney-fee awards are also permitted when justified by special equity. See Lee v. Baldwin County Elec. Membership Corp., 853 So.2d 946, 952 (Ala.2003) (discussing the "common fund" and "common benefit" exceptions to the American rule that each party bears the responsibility of paying its own attorney fees).