THOMPSON, Presiding Judge.
Samuel Roblero appeals from a summary judgment in favor of his employer, Cox Pools of the Southeast, Inc. (“Cox Pools”), on its subrogation claim and from the judgment dismissing Roblero’s work *906 ers’ compensation claim against Cox Pools. The judgment specifically held that uninsured-motorist settlement proceeds that Roblero had been paid after a work-related motor-vehicle accident were subject to the subrogation rights of Cox Pools.
The relevant facts in this case are not in dispute. The record indicates that on May 10, 2010, while working within the line and scope of his employment with Cox Pools, Roblero was injured in a motor-vehicle accident. While Roblero was recovering from the injuries he had suffered in the accident, Cox Pools paid him $20,608.83 in temporary-total-disability workers’ compensation benefits. Cox Pools also paid $47,038 for Roblero’s medical treatment.
The driver of the other vehicle was at fault in the accident, and that driver was uninsured. Cox Pools’ uninsured-motorist insurance carrier, Penn National Insurance (“Penn National”), insured the vehicle in which Roblero had been riding at the time of the accident. Roblero made a claim for uninsured-motorist benefits with Penn National; that claim was settled for $30,000. Cox Pools’ policy limit for uninsured coverage with Penn National was $3 million.
On January 30, 2012, after obtaining the uninsured-motorist settlement, Roblero filed a complaint seeking workers’ compensation benefits from Cox Pools. In the complaint, Roblero alleged that, as a result of his work-related accident, he had sustained a permanent disability to his right shoulder and to his body as a whole. On April 19, 2012, Cox Pools filed a motion for a summary judgment, asserting subrogation rights to the $30,000 that Roblero had received from Penn National; Cox Pools asserted those subrogation rights in its answer and counterclaim to Roblero’s complaint asserting his workers’ compensation claim. A hearing on the motion was continued several times, at least in part because Roblero speaks little or no English, and the trial court determined that a Spanish-speaking interpreter should be provided for him at the hearing. The hearing ultimately was held on October 26, 2012.
On October 9, 2012, Cox Pools filed an amended motion for a summary judgment. In the amended motion, Cox Pools argued that Roblero was attempting to recover twice for the same injury. In addition to subrogation rights, Cox Pools sought a determination from the trial court that Roblero was estopped from recovering workers’ compensation benefits for the same injuries for which he had received a settlement from Penn National.
On October 29, 2012, after a hearing, the trial court entered a summary judgment, holding that the money Roblero had received from Penn National was subject to the subrogation rights of Cox Pools. The trial court also held that Roblero had already recovered once for his work-related injuries and that, in settling the uninsured-motorist claim, Roblero had given up the opportunity “to be made whole up to the policy limits of $3,000,000.” Therefore, the trial court determined, Roblero was es-topped from seeking an additional recovery from Cox Pools through the Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975. Accordingly, the trial court dismissed Roblero’s workers’ compensation action with prejudice. Roblero appealed.
Generally, we review a summary judgment de novo. Turner v. Westhampton Court, L.L.C., 903 So.2d 82, 87 (Ala.2004). Furthermore, the issues Roblero raises on appeal involve questions of law, for which our review is de novo. Cocina Superior, LLC v. Jefferson Cnty. Dep’t of Revenue, [Ms. 2110807, March 15, 2013] — So.3d -, - (Ala.Civ.App.2013) (citing Espinoza v. Rudolph, 46 So.3d 403, 412 (Ala.2010)).
*907 Roblero contends that the trial court erred by dismissing his workers’ compensation claim without first determining whether he was entitled to permanent-disability benefits as a result of his work-related injury and, if he is entitled to such benefits, whether the amount of those benefits exceeds the amount of the settlement proceeds he received from Penn National. In its appellate brief, Cox Pools appears to assert that this court cannot consider the issue whether the trial court improperly dismissed Roblero’s workers’ compensation claim because, it says, Roblero never presented the issue to the trial court. Cox Pools states that there were “multiple hearings” on its motion for a summary judgment and that Roblero “had every opportunity” to make and develop arguments other than whether the settlement proceeds relating to his uninsured-motorist claim were subject to subrogation, which, according to Cox Pools, was the only argument he made to the trial court in opposition to its motion.
Roblero filed a postjudgment motion in which he challenged, among other things, the propriety of the dismissal of his workers’ compensation claim; however, that motion was untimely filed. Nonetheless, we note that in its initial motion for a summary judgment, the only issue Cox Pools raised was whether it had a right of subrogation to the uninsured-motorist settlement proceeds. It made no assertion that Roblero should be precluded from bringing the workers’ compensation claim altogether; thus, there was no reason for Roblero to argue against the dismissal, of his workers’ compensation claim. Not until October 9, 2012, when it filed its amended motion for a summary judgment, did Cox Pools assert that Roblero should be “estopped from recovering for [his] injuries [through Cox Pools’ uninsured-motorist coverage] with Penn National and then attempting to obtain an additional remedy for the same injuries from Cox Pools, since [the Act] does not allow double recovery.” Cox Pools still did not explicitly seek a dismissal of Roblero’s workers’ compensation claim. Moreover, contrary to Cox Pools’ assertion, the record indicates that the only hearing on the merits of the motions for a summary judgment was the October 26, 2012, hearing.
Even though Roblero’s postjudgment motion was untimely, our de novo standard of review requires us determine whether, as a matter of law, the trial court properly dismissed Roblero’s workers’ compensation claim. Therefore, we reject Cox Pools’ contention that this court cannot consider Roblero’s challenge to the dismissal of his workers’ compensation claim.
In discussing whether an employee is required to elect between a workers’ compensation action and a third-party action after suffering a work-related injury, our supreme court has noted:
“In 1947, the Legislature removed the requirement that the injured employee elect between a common-law action against an allegedly negligent third party and compensation available from his employer under the Alabama Workmen’s Compensation Act. Act 635, Acts of Alabama 1947. The third party was defined as a ‘party other than the employer.’ ”
Reed v. Brunson, 527 So.2d 102, 108 (Ala.1988). What is now commonly called the “third-party statute” was first codified at Title 26, § 312, Code of Alabama 1940. As Judge Terry Moore has pointed out in his treatise on workers’ compensation law,
“[t]he statute has remained in substantially th[e] same form ever since. It allows an employee, or his or her dependents in case of death, to bring simultaneous or successive actions for the work-related injury or death, one for compen *908 sation and the other for civil damages under the third-party statute.”
2 Terry A. Moore, Alabama Workers’ Compensation § 21:56 (1998)(footnotes omitted).
The third-party statute now reads, in pertinent part:
“If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter [i.e., the Act] was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter.”
§ 25-5-ll(a), Ala.Code 1975 (emphasis added).
In Baggett v. Webb, 46 Ala.App. 666, 674, 248 So.2d 275, 282 (Civ.1971), this court wrote of" Title 26, § 312, now codified at § 12-5-11(a):
“It is not intended that suit or settlement against the employer must precede or coincide with a third-party action. It is merely made clear that it is permissible and proper for an employee or his dependents to pursue two rights of action at the same time. An election to pursue one and not the other, or one prior to the other, is of itself, no defense to the action brought.”
In his treatise on workers’ compensation law, Judge Moore explained that,
“[s]ince Baggett, the third-party statute has been consistently read to authorize an employee with a work-related injury or occupational disease, or his or her dependents in case of death, to bring an action for damages for the injuries, in addition to any recovery available under the [Act]. In the normal case, the employee, or dependents, recover[s] compensation first and then proceeds against the third party, but the third party statute also envisions the reverse scenario, where the employee or dependents first pursue the third party and then institute a workers’ compensation action. In either case, the employer remains entitled to credit its compensation liability by the amount of the third party recovery in accordance with the provisions of the statute.”
2 Moore, Alabama Workers’ Compensation § 21:56 (footnotes omitted).
Under the Act, then, there is no prohibition against an employee’s bringing simultaneous or successive actions against an employer for workers’ compensation benefits and against a third party for damages. In fact, “[t]he only prohibition [in the Act is] against retaining double recovery by requiring credit against sums owed by the employer or reimbursement to the employer from damages recovered.” Baggett, 46 Ala.App. at 673, 248 So.2d at 281. The issue of Cox Pools’ right to subrogation in this case is discussed below. Nonetheless, under the facts of this case, Cox Pools contends, dismissal of Roblero’s workers’ compensation claim was proper because, it says, the Act does not allow for double recovery. Cox Pools admits that, “[i]n Alabama, an employee does not have to provide notice of a Third Party Action or settlement thereof nor does the employee have to obtain consent from the employer prior to the settlement of a Third Party Action.” However, Cox Pools says, the *909 trial court had the “equitable authority” to “exercise” estoppel to protect Cox Pools’ subrogation rights.
Cox Pools cited no cases granting the trial court such “equitable authority,” and our research has revealed no authority allowing the trial court to “equitably” prevent Roblero from pursuing his workers’ compensation claim despite his settlement with Penn National. As Cox Pools acknowledges, Roblero had a legal right to settle his uninsured-motorist claim without notifying Cox Pools of the settlement. Under Alabama law, Roblero also had a legal right to pursue his workers’ compensation claim separately from his uninsured-motorist claim. Thus, under the facts of this case, Cox Pools was not entitled, as a matter of law, to a judgment dismissing Roblero’s workers’ compensation claim.
On appeal, Roblero does not argue that the trial court erred in determining that the uninsured-motorist settlement proceeds were subject to Cox Pools’ subrogation rights. Instead, he asserts, the trial court “improperly grouped the ‘credit’ which § 25-5-ll(a) provides for compensation benefits with the ‘subrogation’ allowed against medical expenses.”
In the third-party statute contained in the Act, § 25-5-11, the legislature has set forth the manner in which an employer is to receive credit for the compensation it has paid to an employee when the employee receives proceeds from a third party. The statute reads, in pertinent part:
“If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death. To the extent of the recovery of damages, against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death. If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid, and the employer’s obligation to pay further compensation for permanent total disability shall be suspended for the number of weeks which equals the quotient of the total damage recovery, less the amount of any reimbursement for compensation already paid, divided by the amount of the weekly benefit for permanent total disability which the employee was receiving or to which the employee was entitled. For purposes of this amendatory act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee; however, if a judgment in an action brought pursuant to this section is un-collectible in part, the employer’s entitlement to subrogation for such medical and vocational benefits shall be in proportion to the ratio the amount of the judgment collected bears to the total amount of the judgment.”
§ 25-5-ll(a).
In this case, Cox Pools has already paid $47,038 toward Roblero’s medical expenses. Roblero received $30,000 in uninsured-motorist benefits from Penn National. Because the amount Cox Pools has expended on medical benefits on behalf of Roblero already exceeds the total amount Roblero received as a result of his third-party claim, Cox Pools is entitled to subro-gation of the entire amount of those pro *910 ceeds, as the trial court ordered. See § 25-5-11(a).
Roblero contends that the trial court erred in dismissing his workers’ compensation claim without first ordering Cox Pools to pay its share of the attorney fee Roblero incurred in obtaining the uninsured-motorist settlement, as authorized by § 25 — 5—11(e). Roblero did not assert that argument before the trial court, however; thus, it cannot be raised for the first time on appeal. Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992) (“Our review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court.”).
We note that, in his response to Cox Pools’ motion for a summary judgment, Roblero asserted that Cox Pools was not entitled to a summary judgment on the issue of subrogation because, he said, “the subrogation and credit provisions of § 25-5-11 [which set forth the circumstances pursuant to which an employer is entitled to credit its compensation liability by the amount of the third-party recovery] do not apply to proceeds paid out under the uninsured-motorist provisions of an insurance policy.” Roblero cited Bunkley v. Bunkley Air Conditioning, Inc., 688 So.2d 827, 830-32 (Ala.Civ.App.1996), in support of his assertion. Roblero has not presented that argument to this court on appeal; therefore, it is waived. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”).
In its appellate brief, Cox Pools asks this court to overrule Bunkley, supra. In Bunkley, this court held that the trial court had erred in crediting the amount of uninsured-motorist benefits the employee had received against the future workers’ compensation benefits owed to that employee because the uninsured-motorist benefits were derived from a contract with the employer’s uninsured-motorist carrier and not from third-party wrongdoer. Bunkley, 688 So.2d at 830. The trial court in this case agreed with Cox Pools, stating that it disagreed with the holding in Bunkley and refusing to apply that holding when it determined that Cox Pools was entitled to subrogation of the money Ro-blero had received from Penn National. Because Cox Pools did not receive an adverse ruling, it cannot seek to have Bunkley overruled by this court. Holloway v. Robertson, 500 So.2d 1056, 1059 (Ala.1986). Moreover, we note that, in deciding Bunk-ley, this court applied our supreme court’s holding in State Farm Mutual Automobile Insurance Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971). This court and the trial court are bound by the decisions of our supreme court. TenEyck v. TenEyck, 885 So.2d 146, 158 (Ala.Civ.App.2003); and § 12-3-16, Ala.Code 1975. We are not at liberty to overrule or modify those decisions. Thompson v. Wasdin, 655 So.2d 1058 (Ala.Civ.App.1995). Thus, this court declines Cox Pools’ invitation to overrule Bunkley.
For the reasons set forth above, that portion of the judgment dismissing Roble-ro’s workers’ compensation claim is reversed, and the cause is remanded for further proceedings consistent with this opinion. That portion of the judgment determining that the uninsured-motorist settlement proceeds Roblero received were subject to Cox Pools’ subrogation rights is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, with writing.